## 59187. SMITH v. THE STATE.

BIRDSONG, Judge.

Aggravated assault. Leonard A. Smith was convicted by jury of shooting another with a shotgun and was sentenced to serve six years. During the presentation of evidence, the victim was asked on cross examination if he knew he had a reputation for violence in the neighborhood and how many times he had been in court.

Both questions were objected to by the state, and the objection was sustained. No answer to either question was given by the victim. During the defense's case, a defense witness was asked if the witness was aware of the victim's reputation in the community for violence. The witness stated he was familiar with that reputation because as a police officer he had received "several calls." The witness then said, "I don't know his reputation — you know we answered a call in that area." The question was then asked: "You know what reputation is, what people say in the area or community?" After acknowledging that he knew what was meant by reputation testimony, the witness then stated that the victim's reputation was "pretty rough out there sometimes in that area. He has a pretty bad reputation out there in that community." On cross examination, the witness answered the question: "Were you testifying about what you knew of your own personal knowledge or what somebody told you?" The answer was: "What I know," and added that it was based on "[t]hings I observed."

The record contains no indication that appellant requested in writing special charges. At the conclusion of the court's charge, appellant's counsel objected to the failure of the court to charge upon the issue of the victim's reputation and character for violence. It is this failure so to charge that forms the sole enumeration of error. *Held:*

In the absence of a written request for such a charge, it is not error for the trial court to fail to charge the jury on the question of character evidence. *Spear v. State,* 230 Ga. 74, 76 (195 SE2d 397); see *State v. Stonaker,* 236 Ga. 1, 3 (222 SE2d 354); *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859).

Even if we were to assume that counsel's objection to the failure to charge preserves the matter for our attention, we find that the trial court did not err in refusing the charge. Appellant has not objected that the trial court erred in excluding the character testimony (see *Gravitt v. State,* 220 Ga. 781, 786 (9) (141 SE2d 893)), but seeks error on the failure to charge. The admissibility of such evidence depends upon the general reputation of the person in the community, not what the witness knows personally about the subject. *Campbell v. State,* 222 Ga.

570, 573 (2) (151 SE2d 132). As the testimony of the police officer shows that it was based solely on his personal knowledge and he was not aware of the general reputation of the victim in the community for violence, the trial court correctly struck the evidence. *Simpkins v. State,* 149 Ga. App. 763, 767 (256 SE2d 63). In the absence of any evidence of a general reputation for violence in the community at large, the trial court did not err in refusing a charge on an issue not legitimately raised by any evidence nor even before the jury for consideration. *Loar v. State,* 142 Ga. App. 875 (1) (237 SE2d 237). Appellant's sole enumeration of error is without merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

Submitted January 11, 1980 — Decided February 18, 1980.

H. J. Thomas, Jr., for appellant.
*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.