## 43749. PENLAND v. THE STATE.
### (352 SE2d 385)

CLARKE, Presiding Justice.

Appellant was convicted of two counts of violation of the Georgia Controlled Substances Act on April 2, 1986. On May 1, 1986, appellant filed a notice of appeal. At that time, he also filed a motion for appointment of counsel for appeal and for a copy of the transcript of his trial. He attached an affidavit of poverty to this motion. On May 29, the court denied his motion after a hearing. The court also declined to extend the time for filing transcript of evidence on appeal. An extension was granted by the Court of Appeals until June 30, 1986. The case was transferred by the Court of Appeals to this court because of appellant's constitutional attack upon OCGA § 9-15-2 (a) (2).

The dispositive issue in this case is whether the provision of OCGA § 9-15-2 (a) (2) which provides that "[t]he judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final" unconstitutionally deprives a defendant of a right to appeal. Evidence was presented at a bond hearing that $16,845 in cash had been found by police in executing a search warrant at appellant's residence, and there was evidence at this hearing concerning other property belonging to appellant. However, the question is not whether appellant was actually indigent at the time he

applied for appointed counsel and transcript on appeal. Rather, we have before us the constitutionality of the statute which provides that the court's judgment in regard to appellant's indigency is not subject to review. Appellant contends that the provision of OCGA § 9-15-2 (a) (2) that the judgment of the court on the issue of indigency shall be final is unconstitutional on both due process and equal protection grounds. Neither the federal constitution nor the Georgia constitution confers a per se right of appeal. *Ross v. Moffitt,* 417 U. S. 600 (94 SC 2437, 41 LE2d 341) (1974); *Cunningham v. State,* 232 Ga. 416 (207 SE2d 48) (1974). "[W]hile no one would agree that the State may simply dispense with the trial stage of proceedings without a criminal defendant's consent, it is clear that the State need not provide any appeal at all." *Ross v. Moffitt,* supra at 611. Since there is no constitutional per se right to appeal, appellant suffers no denial of due process because of the provision of OCGA § 9-15-2 that the trial court's findings are not subject to review. The only remaining question is whether he suffers a denial of equal protection. Since he has not claimed that he is being treated differently from other individuals similarly situated in regard to the provisions of OCGA § 9-15-2, there is no merit to his claim that he is suffering discrimination because he is indigent.

We find that there is no constitutional infirmity in the provision of OCGA § 9-15-2 (a) (2) that findings of the court concerning the ability of a party to pay costs shall be final.

*Appeal dismissed. All the Justices concur.*

DECIDED JANUARY 28, 1987 —
RECONSIDERATION DENIED FEBRUARY 12, 1987.

*M. Gene Gouge, Ronald C. Goulart,* for appellant.
*David L. Lomenick, Jr., District Attorney,* for appellee.