A89A1423. BARRETT v. THE STATE.
(385 SE2d 785)

DEEN, Presiding Judge.

Robert Earl Barrett brings this appeal from his conviction of aggravated assault following the denial of his motion for a new trial.

1. It was not error for the trial court to fail to give appellant's requested charge on good character. Character evidence is limited to

the general reputation of the person in the community, not to what the witness knows personally about him. *Smith v. State*, 153 Ga. App. 519 (265 SE2d 852) (1980). "OCGA § 24-2-2 limits [proof of] character to evidence of reputation. Proof of [the defendant's] conduct in other transactions by evidence of specific instances of such conduct is not authorized by OCGA § 24-2-2, but amounts to self-serving declarations of non-culpability to prove a trait of character. This court has previously held that exclusion of specific acts to prove a general trait of character is a wise rule [Cit.]" *Baine v. State*, 181 Ga. App. 856, 858 (354 SE2d 177) ) (1987).

None of appellant's witnesses ever properly raised the issue of the defendant's good character, and appellant did not raise the issue himself. His testimony revealed only his name, age, address, where he went to school, his occupation, the length of time that he has been a carpenter, the number of his children, and his version of the events on the day in question, including his good relationship with the victim.

2. The trial court was authorized under OCGA § 17-14-10 to order restitution as a condition of probation. *Day v. State*, 188 Ga. App. 648, 651 (374 SE2d 87) (1988). Appellant contends that the order did not meet the requirements of OCGA § 17-14-10. An examination of the transcripts involved showed that two hearings on restitution were held. At the second hearing the court stated that it was being held in order to comply strictly with the Code section. Although the order does not recite that it is being drafted in accordance with the codal provisions, it is obvious that it was written with this Code section in mind. There is no merit to appellant's contention that the order did not reflect his present financial status, as required by the Code. The testimony at the hearings showed that he owned a mobile home for which he paid $11,000 in cash, and perhaps an automobile. Counsel stated that the mobile home had been repossessed since the crime occurred, but no evidence was presented on this point. While appellant filed an affidavit stating that he had no assets, this point was rebutted by the victim's testimony and no further evidence was presented. We find no error.

3. Appellant also asserts as error the trial court's grant of the jury's request to rehear a portion of a witness' testimony on direct examination after it began deliberations.

We note that appellant did not raise any objection to the reading of this testimony until after it had been read. Assuming, *arguendo*, that the objection was timely raised, we find no error. The trial court has the discretion to permit the jury to rehear any portion of the testimony that it requests, absent any special circumstances which might work an injustice. *Harris v. State*, 173 Ga. App. 787, 789 (328 SE2d 370) (1985); *Byrd v. State*, 237 Ga. 781 (229 SE2d 631) (1976). As no

inconsistency appears between the witness' testimony on direct examination and on cross-examination, we find no abuse of the court's discretion.

4. Appellant further asserts that the trial court erred in admitting into evidence the shotgun which he used to shoot the victim, claiming that it was obtained as a result of a statement elicited in violation of his *Miranda* rights.

After he was arrested, Barrett invoked his right to counsel. He was released on bond. About ten days later, a detective went to his house and told him not to say anything, but that he needed to retrieve the gun used in the shooting. Barrett told him that it was at his sister's house and took him to get it. Counsel objected to the introduction into evidence of the gun.

An examination of the record indicates that appellant did not file a motion to suppress and waited until mid-trial before making a motion to exclude this evidence. Uniform Court Rule 31.1 requires that all motions be filed at or before arraignment unless the trial court extends the filing time. *Van Huynh v. State*, 258 Ga. 663 (373 SE2d 502) (1988). Moreover, appellant raised the issue at trial by asking a State's witness about retrieving a gun from appellant after he was arrested. Any error was therefore invited, and appellant cannot be heard to complain on appeal. *Griffith v. State*, 188 Ga. App. 789, 790 (374 SE2d 359) (1988).

5. The trial court properly sustained a hearsay objection to certain testimony given by appellant's son and struck his testimony.

OCGA § 24-3-1 (b) provides that hearsay evidence "is admitted only in specified cases from necessity." Appellant contends that the evidence was admissible to impeach the victim's testimony. To impeach a witness by proof of a previous contradictory statement, a proper foundation must be laid in accordance with the provisions of OCGA § 24-9-83. The proper foundation as to time, place or circumstances surrounding the alleged former statement was not laid when the victim testified, and she was not recalled for questioning and given the opportunity to deny or explain the inconsistent statement. *Smith v. State*, 171 Ga. App. 758, 762 (321 SE2d 213) (1984).

6. The determination of whether a defendant is indigent, and entitled to have counsel appointed to pursue an appeal, lies within the discretion of the trial court, and this determination is not subject to review. *Penland v. State*, 256 Ga. 641 (352 SE2d 385) (1987).

*Judgment affirmed. Birdsong, J., concurs. Benham, J., concurs fully in Divisions, 1, 2, 3, 5, and 6 but in the judgment only as to Division 4.*

DECIDED SEPTEMBER 5, 1989.

*Ronald C. Goulart,* for appellant.
*Ralph Van Pelt, Jr., District Attorney, Scott K. Camp, Assistant District Attorney,* for appellee.