## A91A0314. MAPP v. THE STATE.
(403 SE2d 833)

ANDREWS, Judge.

After a jury trial, in which he was represented by appointed counsel and convicted on two counts of obstruction of a law enforcement officer, Mapp brings this pro se appeal.

We address only Mapp's contention that the trial court erred by not appointing counsel to represent him on appeal. Prior to and during the trial, Mapp was represented by appointed counsel. He was convicted and sentenced on January 31, 1990, and while still incarcerated after the conviction, proceeded pro se to file a timely notice of appeal on February 6 and 7, 1990.[1] On June 18, 1990, the court granted Mapp's request for a free transcript, noting that the defendant "in the past has qualified for court-appointed counsel. . . ." After being released from prison on June 27, 1990, Mapp filed a written motion on July 3, 1990, seeking appointment of counsel to represent him on appeal. On July 17, 1990, the trial court entered an order on the motion finding that since Mapp had been released from prison it could no longer assume that he was indigent, and requiring that he prove his indigency to qualify for appointed counsel. The order reserved ruling on the motion, and ordered that Mapp "may file an affidavit of indigency" with the court and that "Defendant must furnish to the court his proof of indigency within ten days of receipt of this order." The record contains no evidence of when Mapp received the order. On August 20, 1990, Mapp filed a document denominated "Affidavit of Indigency, Affidavit in Support of Request to Proceed In Forma Pauperis," in which he requested that he be allowed to proceed without payment of fees and costs on appeal because of his "medical condition and . . . poverty." On October 25, 1990, the court ordered the clerk to transmit the appeal to this court. That same day Mapp filed a "Motion for Consideration of Affidavit of Indigency by the Court" acknowledging the late filing of his affidavit of indigency and alleging that it was an oversight. On November 6, 1990, the court entered an order denying Mapp's motion for appointed counsel, finding it untimely "because the Defendant's appeal has already transmit-

---

[1] The record is silent on whether Mapp was informed of his right to appeal and right to counsel on appeal. Mapp makes no allegations with respect to whether he was so informed.

ted to the Court of Appeals." The record is silent as to whether any hearings were conducted with respect to any of the foregoing motions.

"Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel or, in the alternative, to represent themselves. However, it is only indigent defendants for whom the trial court must appoint counsel." *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231) (1987). "This right extends to every indigent accused who indicates his desire to appeal." *McAuliffe v. Rutledge*, 231 Ga. 1, 3 (200 SE2d 100) (1973). The burden of proving his indigency, which must be proved to show he was denied counsel, rests with Mapp. *Bostick v. Ricketts*, 236 Ga. 304, 306 (223 SE2d 686) (1976).

Although Mapp claims he is indigent and entitled to appointed counsel, there is a lack of any evidence in the present record upon which to base a determination of indigency. The mere fact that Mapp was released from prison after the trial is not alone enough to support a finding that his status has changed from indigent to non-indigent. The determination of indigency calls for the exercise of discretion based upon consideration of relevant criteria of indigency. See generally OCGA Title 17, Chapter 12, Article 1, implemented by Uniform Superior Court Rule (USCR) 29; OCGA Title 17, Chapter 12, Article 2, governed by the Guidelines of the Georgia Indigent Defense Council for the Operation of Local Indigent Defense Programs (approved by the Georgia Supreme Court October 4, 1989). Of course, if the lack of information upon which to base a determination of indigency was caused by Mapp he would have no right to complain. However, it is not clear from the record when Mapp received the court's order that he provide proof of indigency; whether the court considered Mapp's proof of indigency; or whether the court found that it could not determine indigency due to Mapp's failure or refusal to provide the necessary proof of indigency. Accordingly, we must remand the case for a hearing to determine whether or not Mapp is indigent.

We therefore dismiss this appeal without prejudice, and remand the case to the trial court for a determination of indigency, and appointment of appellate counsel, if required. Upon completion of this procedure the defendant shall have the right to file an out-of-time appeal.

*Appeal dismissed and case remanded. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 12, 1991.

James E. Mapp, *pro se.*

Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney, for appellee.