A95A2631. SEAY v. THE STATE.
(469 SE2d 496)

Judge Harold R. Banke.

Dwight Olen Seay was convicted of two counts of child molestation in January 1994. His sole enumeration of error is that the trial court erred in ruling that he was not entitled to appointed counsel on appeal.

Seventeen months after his conviction, Seay filed a motion for out-of-time appeal, arguing that the failure of his retained trial counsel and the court to inform him of his right, as an indigent, to appointed appellate counsel prevented him from filing a timely appeal and violated his rights to counsel and due process. After a hearing, the trial court denied the motion, finding that Seay was not harmed by the failure to inform him of his right to appointed appellate coun-

sel because he was not indigent during the time that an appeal could have been timely filed. *Held*:

Without question, criminal defendants are entitled to counsel at every critical stage of the proceedings against them, including appeal. *Wood v. State*, 199 Ga. App. 252, 253 (1) (404 SE2d 589) (1991). Defendants "unable, without undue hardship, to employ the legal services of an attorney or to defray the necessary expenses of legal representation" are indigent and therefore entitled to appointed counsel. OCGA § 17-12-2 (5). But where a defendant retains trial counsel and then claims indigence on appeal, he bears the burden of making that fact known to the trial court or some responsible state official. *Hopkins v. Hopper*, 234 Ga. 236, 238 (215 SE2d 241) (1975). "If the trial court has no reason to believe that the defendant is indigent and cannot afford the services of retained counsel for the purpose of appeal, it is under no duty to inquire as to the defendant's indigence and may presume that his retained counsel will protect his appellate rights." Id.

It is undisputed that Seay was not informed that indigents are entitled to appointed counsel on appeal. The record shows, however, that Seay failed to make his alleged indigence known, even to his trial counsel. Moreover, Seay possessed assets which could have been converted easily to cash by sale or mortgage sufficient to mount an appeal and was therefore not indigent at the time of his conviction. Uniform Superior Court Rule 29.5. Seay had between $1,500 and $2,000 in a checking account, owned a house worth $55,200 with approximately $40,000 unincumbered equity in it, and possessed an equity line of credit of $15,000, with $1,600 in available credit. He also owned a Cavalier automobile that was approximately five or six years old, a personal computer, and a television satellite system. Furthermore, the record shows that Seay and his wife made no effort to arrange a timely appeal and never even sought estimates of the cost of an appeal after trial counsel informed them that an appeal would be expensive. Under these circumstances, the trial court properly denied Seay's motion for out-of-time appeal.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 1, 1996.

*Joseph F. Bertollo*, for appellant.
*Cheryl F. Custer, District Attorney, Richard R. Read, Assistant District Attorney*, for appellee.