## A96A0991. HAWKINS v. THE STATE.
(474 SE2d 666)

BLACKBURN, Judge.

Olton Ray Hawkins was convicted by a jury of statutory rape, sodomy, and aggravated child molestation. Following the denial of his pro se extraordinary motion for new trial, a habeas corpus court granted Hawkins permission to pursue an out-of-time appeal. He subsequently filed a notice of appeal, a sworn request to proceed in forma pauperis, a motion to appoint counsel, an affidavit of poverty, and a statement of account referencing the balance in his correctional institution account.[1]

The court denied Hawkins' motion for appointed appellate counsel and, in its order, stated: "[T]he defendant requested that an attorney be appointed to represent him in this matter. The court recalls that this defendant was able to retain Counsel for the pre-trial and trial of this matter. The Court is not satisfied that this defendant

---

[1] Because Hawkins filed his brief and enumerations of error one day late, the State filed a motion to dismiss. We invoke our discretion provided pursuant to Court of Appeals Rule 26 (a) and deny the State's motion to dismiss, as Hawkins is pro se.

meets the requirements of indigency and accordingly denies defendant's request for an attorney."

1. Hawkins contends that because he is indigent, the trial court erred in not appointing counsel to represent him on this direct appeal. "Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel. . . . [I]t is only indigent defendants for whom the trial court must appoint counsel. This right extends to every indigent accused who indicates his desire to appeal." (Citations and punctuation omitted.) *Mapp v. State*, 199 Ga. App. 47, 48 (403 SE2d 833) (1991). "The determination of whether a defendant is indigent, and entitled to have counsel appointed to pursue an appeal, lies within the discretion of the trial court, and this determination is not subject to review." *Barrett v. State*, 192 Ga. App. 705, 707 (385 SE2d 785) (1989).

Because we are precluded by *Barrett* from reviewing the trial court's findings as to Hawkins' indigence, we will not pass upon the evidence in the record with respect to indigence. However, the record and the trial court's order denying Hawkins' motion indicate that the court failed to employ the proper procedure in making its indigence ruling. Review of a trial court's procedure in making decisions as to appointed appellate counsel is authorized. See *Mapp v. State*, supra (case remanded with direction for the trial court to hold a hearing to determine indigence and appointment of appellate counsel).

"[W]here a defendant retains trial counsel and then claims indigence on appeal, he bears the burden of making that fact known to the trial court or some responsible state official. If the trial court has no reason to believe that the defendant is indigent and cannot afford the services of retained counsel for the purpose of appeal, it is under no duty to inquire as to the defendant's indigency and may presume that his retained counsel will protect his appellate rights." (Citation and punctuation omitted.) *Seay v. State*, 220 Ga. App. 418, 419 (469 SE2d 496) (1996).

In *Seay v. State*, we relied upon *Hopkins v. Hopper*, 234 Ga. 236 (215 SE2d 241) (1975) to determine that once a defendant claims indigence, he rebuts the presumption that his retained counsel will protect his appellate rights. Hawkins had retained counsel and then informed the trial court of his indigence on appeal, but the trial court's order illustrates that the basis of its denial was the court's recollection that Hawkins had retained trial counsel. In resting upon this recollection, the trial court improperly relied upon the presumption that Hawkins' retained counsel would protect his appellate rights. Additionally, following the reasoning of *Seay*, the court had a duty to conduct an inquiry as to Hawkins' indigence. It is unclear what, if any, inquiry was made, and the record is silent as to whether the court conducted a hearing on indigence.

Accordingly, based upon the record and the order of the trial court relying upon its recollection of Hawkins' retained counsel from a trial over a year and a half before, the order of the trial court is reversed, and the case is remanded for an inquiry and determination by the trial court as to Hawkins' indigence at the present time. Any determination made should be independent of the presumption that retained counsel will protect Hawkins' appellate rights.

2. Hawkins asserts ineffective assistance of trial counsel. In light of our holding in Division 1, it is unnecessary to address this enumeration of error.

*Judgment reversed and remanded with direction. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I fully concur in the ruling that defendant Hawkins is entitled to a determination by the trial court of whether he qualified for court-appointed counsel at the time the appeal was permitted. However, because the majority agrees with *Barrett v. State*, 192 Ga. App. 705 (385 SE2d 785) (1989), that a trial court's determination of indigence vel non is nonreviewable, I depart somewhat from the opinion.

*Penland v. State*, 256 Ga. 641 (352 SE2d 385) (1987), is the authority for *Barrett*. In *Penland*, the Supreme Court applied OCGA § 9-15-2 (a) (2) to the issue of appointed counsel in criminal cases as well as to the issue of payment of costs for a copy of the trial transcript, although the statute on its face applies only to court costs, such as the transcript. The fee for court-appointed counsel is not a court cost but is paid by the county or state and reimbursable to the state or county by an able defendant. OCGA §§ 17-12-5 (c), 17-12-13, and 17-12-40 (a). Nevertheless, OCGA § 9-15-2 was invoked.

The statute recites that "The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." The Supreme Court, recognizing that a criminal defendant does not have a per se right of appeal under either the Georgia constitution or the federal constitution, held that the statute did not deprive such an appellant of due process of law by establishing as unreviewable the facts found by the trial court in this regard. It also held that Penland was not deprived of equal protection either, because he did not claim treatment different from others similarly situated.

Even if OCGA § 9-15-2 relating to civil practice applies to the issue of indigence in criminal cases, reversal is not precluded, as the majority recognizes. As in *Mapp v. State*, 199 Ga. App. 47 (403 SE2d 833) (1991), the issue is not whether evidence supports the trial court's finding but rather whether the trial court followed the pre-

scribed procedure.[2]

In *Penland*, the trial court afforded a hearing on the motion, so it is apparent that the court took into account evidence relevant to the fact questions. Hawkins not only was not heard, but his evidence of indigence was ignored. Although a hearing would not ordinarily be necessary in this context, and is not required by the statute, due process requires a finding of fact based on all the relevant evidence properly submitted. Evidence of Hawkins' financial condition which has already been presented may suffice, but the court may permit more if it so chooses. See Uniform Superior Court Rule 29.2. As stated in *Mapp*, supra at 48, "[t]he determination of indigency calls for the exercise of discretion based upon consideration of relevant criteria of indigency."

Without the trial court's determination of Hawkins' right to counsel on appeal in his present circumstances, Hawkins' winning of an out-of-time appeal is a hollow victory; pursuit of appeal by a pro se party is fraught with procedural danger and poses the daunting task of recognizing substantive legal errors by an eye untrained in the law. As eloquently stated in *McAuliffe v. Rutledge*, 231 Ga. 1, 3 (200 SE2d 100) (1973), speaking of counsel on appeal: "The right to counsel is his most vital and precious right since any other rights the accused [or convicted] may possess will remain sterile unless he has effective counsel to assert them in his behalf."

DECIDED AUGUST 9, 1996.

Olton R. Hawkins, *pro se*.

Robert B. Ellis, District Attorney, John D. Staggs, Jr., Assistant District Attorney, for appellee.

---

[2] In Mapp's case, this Court should have reversed the trial court's order denying his motion for appointed counsel instead of dismissing the appeal. The Court decided the sole issue on appeal and held that the order was procedurally defective.