A99A1597. McQUEEN v. THE STATE.
(522 SE2d 512)

ELLINGTON, Judge.

This is the second appearance of this case before us. *McQueen v. State*, 228 Ga. App. 732 (492 SE2d 720) (1997). Richard McQueen, after a jury trial at which he represented himself, was convicted of sale of cocaine, OCGA § 16-13-30 (b), and possession of cocaine, OCGA § 16-13-30 (a). We affirmed the convictions, but remanded "for a determination on the record as to whether the circumstances warranted appointment of trial counsel." Id. at 734. After a hearing, the trial court issued an order addressing this Court's concerns and concluding that McQueen was not indigent, that he did not qualify for court-appointed counsel, and that he failed to use diligence in retaining counsel. McQueen appeals from this decision, challenging the trial court's finding that he was not indigent. Moreover, he argues the trial court abused its discretion in failing to appoint counsel under these circumstances even if he was not indigent. For the following reasons, we affirm.

The state is required to provide counsel to indigent defendants

for their trial. *Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963); *Gibson v. Turpin*, 270 Ga. 855 (513 SE2d 186) (1999). Defendants "unable, without undue hardship, to employ the legal services of an attorney or to defray the necessary expenses of legal representation" are indigent and therefore entitled to appointed counsel. OCGA § 17-12-2 (5); *Seay v. State*, 220 Ga. App. 418, 419 (469 SE2d 496) (1996). "The determination of indigency calls for the exercise of discretion based upon consideration of relevant criteria of indigency." *Mapp v. State*, 199 Ga. App. 47, 48 (403 SE2d 833) (1991). Uniform Superior Court Rule 29.2 provides that a judge of the superior court or the court's designee shall determine indigence based upon the defendant's certificate of financial resources, which may include the accused's "assets, liabilities, employment, earnings, other income, number and ages of dependents," the charges pending and other information the court may require. The purpose of the application is to enable the court to determine the accused's financial ability to employ counsel. Id.; see *State v. Hatcher*, 264 Ga. 556, 557 (448 SE2d 698) (1994).

The record shows that McQueen completed a form application for appointed counsel used by the Southern Judicial Circuit's Indigent Defense Administrator's Office. That form requested substantially the same financial information as the standardized form suggested in USCR 29.3 (D), including information about employment, assets, and other sources of income, including a spouse's income. There is nothing in the record suggesting that the determination of indigence was based upon criteria that were not relevant to whether McQueen was financially able to employ counsel. Whether McQueen was in fact married and whether he had access to his wife's income or other assets were questions of fact to be resolved by the trial court. We will not look behind the court's determination of indigence. See *Hawkins v. State*, 222 Ga. App. 461, 462 (1) (474 SE2d 666) (1996) (" '[W]hether a defendant is indigent, and entitled to have counsel appointed to pursue an appeal, lies within the discretion of the trial court, and this determination is not subject to review.' ").

McQueen also argues that even if he was not indigent, the trial court should have exercised its discretion to appoint him counsel under the unique circumstances of this case. As we have explained:

> Article I, Section I, Paragraph XIV of the 1983 Georgia Constitution provides that "(e)very person charged with an offense against the laws of this state shall have the privilege and benefit of counsel. . . ." And while a non-indigent defendant may forfeit this right by failing to act with reasonable diligence in obtaining an attorney's services, *Hasty v. State*, 215 Ga. App. 155, 156 (1), 157 (450 SE2d 278), the

trial court must exercise discretion in resolving the "reasonable diligence" issue by considering all factors which militate for or against the appointment of counsel — including the fairness of forcing a low income illiterate to trial without an attorney in light of the trial court's power to appoint counsel and require the non-indigent to reimburse the county for any such representation. *Flanagan v. State*, 218 Ga. App. 598, 600-601 [(462 SE2d 469)]. Of course, the trial court's judgment in such matters is reversible only upon a manifest abuse of discretion. See *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448), and *Hasty v. State*, 215 Ga. App. 155, 156 (1), supra.

*Flanagan v. State*, 224 Ga. App. 272, 274 (480 SE2d 299) (1997); *McCall v. State*, 232 Ga. App. 684, 686 (1) (503 SE2d 578) (1998).

After the hearing upon remand of this case, the trial court determined that McQueen failed to use reasonable diligence in attempting to retain trial counsel. During the four months between the time he was denied appointed counsel and the trial of his case, McQueen, through his wife, contacted one attorney who quoted a fee of $3,000. There is no evidence that McQueen attempted to make financial arrangements with this attorney or that he actually contacted any of the other six attorneys whose names he had been given. When McQueen's case was called to trial, he did not ask for an appointed attorney or for more time to retain an attorney. In fact, he announced ready. Also, McQueen did not present any evidence of special circumstances militating in favor of the trial court exercising its discretion to appoint counsel. For example, McQueen can read, he filed pre-trial motions on his own behalf, he had a familiarity with the criminal justice system, he even met with and had pre-trial plea negotiations with an assistant district attorney. Given this evidence, we cannot say the trial court manifestly abused its discretion in failing to appoint McQueen trial counsel. See *Flanagan v. State*, supra; *Wood v. State*, 199 Ga. App. 252, 253-254 (1) (404 SE2d 589) (1991).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 13, 1999.

*William D. Edwards*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.