A03A0486, A03A1247. SCHLAU v. THE STATE (two cases).
(582 SE2d 243)

ELLINGTON, Judge.

In the Superior Court of Charlton County, Brian Lee Schlau entered a negotiated guilty plea, pursuant to *North Carolina v. Alford*,[1] to statutory rape, OCGA § 16-6-3 (a). Schlau filed pro se a timely motion to withdraw his guilty plea,[2] alleging, inter alia, that

---

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] A motion to withdraw a guilty plea is timely only if filed within the term of court in which the plea was entered. *Forrest v. State*, 251 Ga. App. 487, 488 (1) (554 SE2d 735)

he received ineffective assistance of counsel. In Case No. A03A0486, Schlau appeals pro se the denial of his motion to withdraw his guilty plea. In Case No. A03A1247, Schlau appeals pro se the denial of his motion for appointment of counsel on appeal.

1. "On appeal, a ruling on a motion to withdraw a guilty plea will not be disturbed absent manifest abuse of the trial court's discretion." (Citation omitted.) *Banhi v. State*, 252 Ga. App. 475-476 (555 SE2d 513) (2001). As in *Banhi v. State*,

> [b]ecause the trial court ruled on the motion to withdraw without holding a hearing, we are unable to make a determination as to whether the trial court properly exercised its discretion or abused the same. As a result, we must remand this case to the trial court to hold the necessary hearing and exercise its discretion based upon the evidence produced during the hearing. This holding renders appellant's remaining enumerations of error moot.

(Citations, punctuation and footnote omitted.) Accordingly, the judgment in Case No. A03A0486 is vacated. Id.

2. In Case No. A03A1247, Schlau contends the trial court erred in denying his motion for appointment of counsel on appeal.

"Under the United States Constitution, the state is required to provide counsel to indigent defendants for their trial and for their first appeal as a matter of right." (Citations omitted.) *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999). See also *Mapp v. State*, 199 Ga. App. 47, 48 (403 SE2d 833) (1991) (the right to appointed counsel "extends to every indigent accused who indicates his desire to appeal") (citation and punctuation omitted). If the accused pleads guilty, the right to counsel continues through a timely motion to withdraw the guilty plea. *Fortson v. State*, 272 Ga. 457, 459-460 (1) (532 SE2d 102) (2000); *Umbehaum v. State*, 251 Ga. App. 471, 474 (5) (554 SE2d 608) (2001). It follows from these authorities that the right to counsel continues through the direct appeal of an order denying a motion to withdraw a guilty plea.

"It is the policy of this state to provide the constitutional guarantees of the right to counsel and equal access to the courts to all its citizens in criminal cases and to provide . . . [a]dequate defense services for indigent persons accused of crime." OCGA § 17-12-31 (1).

---

(2001). Pursuant to OCGA § 15-6-3 (41) (C), Charlton County begins a new term of court on the fourth Monday in February and September. The trial court entered judgment on Schlau's guilty plea on October 20, 1999, during the September term of court. Schlau filed pro se his motion to withdraw his guilty plea on February 7, 2000, before the same term ended.

The Georgia Criminal Justice Act defines an "indigent person" as one "who is unable, without undue hardship, to employ the legal services of an attorney or to defray the necessary expenses of legal representation." OCGA § 17-12-2 (5). "After ascertaining that the defendant is in fact indigent," a trial court *must* appoint counsel. OCGA § 17-12-4 (a).

"The determination of whether a defendant is indigent, and entitled to have counsel appointed to pursue an appeal, lies within the discretion of the trial court, and this determination is not subject to review." (Citation omitted.) *Barrett v. State*, 192 Ga. App. 705, 707 (6) (385 SE2d 785) (1989). "Review of a trial court's procedure in making decisions as to appointed appellate counsel[, however,] is authorized." (Citation omitted.) *Hawkins v. State*, 222 Ga. App. 461, 462 (1) (474 SE2d 666) (1996).

The Uniform Superior Court Rules provide, "[w]hen an accused person, contending to be financially unable to employ an attorney to defend against pending criminal charges or to appeal a conviction, desires to have an attorney appointed, the accused shall make a request in writing to the court or its designee for an attorney to be appointed." USCR 29.2. The court rules require each superior court to set, and to periodically revise, a net income level below which an accused will be considered eligible for court-appointed counsel. USCR 29.5.

In this case, Schlau supported his written motion for appointment of counsel with a certificate of financial resources. The record shows that Schlau had appointed counsel when he entered his guilty plea. The record is completely silent, however, as to how the trial court determined that Schlau did not qualify for appointed legal assistance on appeal. The State did not contest Schlau's claim of indigence, nor did the trial court conduct a hearing. In the order denying Schlau's request for appellate counsel, the trial court made no finding regarding Schlau's net income or other financial resources. See USCR 29.3 (sample order); 29.5 (consideration of other financial assets).

Accordingly, we find that the record is insufficient to allow this Court to evaluate whether the trial court followed the proper procedure in determining whether Schlau was, at the time of his appeal, indigent within the meaning of OCGA § 17-12-2 (5). *McQueen v. State*, 228 Ga. App. 732-734 (2) (492 SE2d 720) (1997); *Hawkins v. State*, 222 Ga. App. at 463 (1). Under these circumstances, we vacate the order and remand the case for a determination *on the record* as to whether the circumstances warrant appointment of appellate counsel. *McQueen v. State*, 228 Ga. App. at 734 (2); *Hawkins v. State*, 222 Ga. App. at 463 (1).

*Judgments vacated and cases remanded with direction. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MAY 16, 2003.

Brian L. Schlau, *pro se.*

Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney, for appellee.