## A04A0203. NUNNALLY v. THE STATE.
### (599 SE2d 240)

MILLER, Judge.

This is the second appearance of this case before us. In *Nunnally v. State*, 261 Ga. App. 198 (582 SE2d 173) (2003), we affirmed Nunnally's convictions for trafficking in cocaine and obstructing a law enforcement officer, but remanded for a determination on the record of "whether Nunnally acted with or without diligence in attempting to retain counsel, and whether individual circumstances warranted appointment of trial counsel for the nonindigent Nunnally."[1] See id. at 203-204. We discern no error and affirm.

The relevant facts set forth in *Nunnally*, supra, 261 Ga. App. at 202-203 (7), are as follows:

---

[1] Nunnally did not challenge the trial court's determination that he was not indigent, but instead argued that the trial court should have given more consideration to whether he acted diligently in attempting to retain counsel. Id. at 202. Therefore, in this appeal we only address the trial court's finding that Nunnally did not act diligently.

. . . Nunnally was indicted on August 7, 2000. He hired an attorney who filed an entry of appearance as counsel of record on September 5, 2000. But on January 5, 2001, the attorney moved to withdraw as counsel of record. And on January 23, 2001, the trial court granted the motion, permitting counsel to withdraw. A month later, on February 23, 2001, Nunnally applied for appointed counsel on the ground that he could not afford to hire a lawyer. That same day the trial court denied the application, finding that Nunnally was not indigent and not entitled to appointed counsel.

On March 7, 2001, Nunnally appeared in court for jury selection without an attorney. Apparently there was some discussion between the court and Nunnally about the matter before the court reporter began transcribing what was said, because the transcript begins with Nunnally explaining at a bench conference that an attorney had told him to come to his office with more money on the following Friday and they would work out something. The court made no further inquiry into the matter other than to tell Nunnally that his income was too high to qualify him for appointed counsel and to encourage Nunnally to hire an attorney. The parties then selected a jury, with Nunnally proceeding pro se. After a jury was selected, the trial was continued for two weeks until March 21, 2001.

On March 21, Nunnally again appeared in court without a lawyer. The court stated that on two prior occasions it had highly recommended to Nunnally that he hire an attorney. The court asked him what had happened with the attorney he had said he would hire. Nunnally responded that he did speak with the lawyer but could not afford to hire him, so he was going to proceed on his own.

The court told Nunnally that he had the right to an attorney and again recommended that he have one. The court then asked Nunnally if he was freely and voluntarily waiving his right to an attorney. Nunnally again said that he could not afford to hire an attorney. The court asked if Nunnally's financial situation had changed since the prior determination that he was not indigent. Nunnally said only that it had changed in that he had paid all his bills. The court reiterated that Nunnally did not qualify for appointed counsel as an indigent. The judge said that he was concerned about Nunnally representing himself and that he was disappointed that Nunnally did not pursue retaining an attorney. Nonetheless,

the court said, Nunnally had the right to represent himself and the court would allow it. The court then proceeded to hear testimony on Nunnally's motion to reveal the identity of the confidential informant. Before denying the motion, and before the jury was sworn in, the court appointed a lawyer to sit with and assist Nunnally throughout the trial, although the judge clarified that he was not appointing the lawyer to represent Nunnally.

The trial transcript, where a discussion of this matter took place, was incomplete, and this Court ordered that a hearing be held to determine whether Nunnally acted with diligence in attempting to retain counsel. *Nunnally*, supra, 261 Ga. App. at 204. Following a hearing upon remand of this case, the trial court determined that Nunnally failed to act diligently and that the circumstances did not warrant the appointment of counsel. Nunnally now appeals from that ruling.

Nunnally contends that the trial court erred by finding he failed to act with reasonable diligence in his effort to retain counsel. Art. I, Sec. I, Par. XIV of the 1983 Georgia Constitution provides that "[e]very person charged with an offense against the laws of this state shall have the privilege and benefit of counsel." Also, "while a non-indigent defendant may forfeit this right by failing to act with reasonable diligence in obtaining an attorney's services, the trial court must exercise discretion in resolving the 'reasonable diligence' issue by considering all factors which militate for or against the appointment of counsel. . . ." (Citations omitted.) *McQueen v. State*, 240 Ga. App. 15, 16-17 (522 SE2d 512) (1999). The trial court's judgment in such matters shall be affirmed absent abuse of discretion. *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983).

The evidence presented at the hearing showed that Nunnally approached an attorney to represent him and that the fee was $7,500. The attorney agreed to set up a payment plan with Nunnally, but required an initial payment of $1,200. Nunnally paid the initial payment, but when he told the attorney that he could not afford to pay any additional money, the attorney recommended a second attorney. The second attorney offered to represent Nunnally for $15,000, with an initial payment of $3,500. Nunnally declined, stating that he did not have sufficient funds to pay the second attorney.

Nunnally did not attempt to obtain representation after declining the second attorney (just prior to jury selection and 14 days before trial), despite the trial court's insistence that he obtain counsel. Nor did Nunnally attempt to find a local (Claxton) attorney who may have been able to represent him for less money than the two attorneys he contacted in neighboring Savannah. Nunnally failed to explain why

he did not take advantage of the first attorney's offer to set up a payment plan (other than to say he could not pay), or why he did not request more time to retain an attorney after the trial court found him to be nonindigent. Nunnally also failed to present evidence of special circumstances militating in favor of the trial court exercising its discretion to appoint trial counsel. See *McQueen*, supra, 240 Ga. App. at 17. Given this evidence, we cannot say that the trial court abused its discretion in failing to appoint Nunnally trial counsel. See id.; *Pierce v. State*, 222 Ga. App. 245, 248 (474 SE2d 112) (1996).

   *Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 5, 2004.

   *Earle J. Duncan III*, for appellant.
   *Tom Durden, District Attorney, Donna R. Sims, Assistant District Attorney*, for appellee.