## A05A2270. MASSEY v. THE STATE.
### (628 SE2d 706)

BARNES, Judge.

Arthur Bernard Massey was found guilty of aggravated assault and sentenced to serve 14 years in confinement. Following the denial of his motion for new trial, he appeals his conviction maintaining, among other things, that the evidence was insufficient, the trial court erred in denying his motion for appointed counsel, the trial court denied him the opportunity to fully cross-examine a witness, and the trial court failed to instruct the jury as to the lesser included offense. Upon review, we find these contentions meritless and affirm Massey's conviction.

1. Massey contends the evidence was insufficient to support his conviction for aggravated assault. "It is well established that on appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Taylor v. State,* 226 Ga. App. 254, 255 (485 SE2d 830) (1997). It is the job of the factfinder to resolve conflicts in the evidence. Id.

So viewed, the evidence demonstrates that on November 18, 2003, Massey went with the victim, his former girlfriend, to help her clean a house. After finishing the job, the couple stopped at a Wal-Mart where the victim purchased a soda. The couple argued because Massey complained that the victim had not purchased him a drink as well. The arguing escalated into a fight, and when the victim attempted to run away, Massey hit her on the back of her legs with the handle of a metal broom, knocked her to the street, then beat and choked her. The victim, who was pregnant at the time, begged Massey to stop because he was going to "kill our baby," but he did not believe

she was pregnant because she had earlier told him she had an abortion. Massey continued to beat his girlfriend, but ran away when the police responded to the disturbance. When the Valdosta City police officer arrived on the scene, he found the victim visibly upset, and crying, with bruises on her face, throat, and arms. A broken metal broom handle was recovered at the scene.

On February 1, 2004, Massey went to his girlfriend's house where the couple argued when he confronted her about her attending a party without him. The argument escalated, and Massey hit the victim, knocked her to the ground and jumped on her head with such impact that she blacked out and the imprint of his shoe was visible on her face.

Massey argues that the State failed to prove that he committed serious bodily harm, and thus, the evidence against him was insufficient to sustain the verdict. "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). The indictment in this case alleged that the aggravated assault was committed with objects *likely* to cause serious bodily injury. Massey was not indicted for actually causing serious bodily injury, and "[s]ince there is no allegation in the indictment that serious bodily injury in fact occurred, any argument premised on such an allegation is . . . misplaced." *Anthony v. State*, 275 Ga. App. 274, 276 (2) (620 SE2d 491) (2005).

Accordingly, the evidence was sufficient to support Massey's conviction. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Massey next contends that the trial court erred in denying his motion seeking appointment of counsel for his appeal, denying his requests for costs and the cost of transcripts, and in requiring his retained counsel to remain on the case as his de facto pro bono appellate counsel.

The record reflects that Massey filed a petition of indigency and to have appellate counsel appointed on October 8, 2004, approximately two months after his conviction. On November 30, 2004, the trial court held a hearing on the petition, and following that, denied Massey's petition. At the hearing, Massey's retained attorney indicated that Massey had been incarcerated since February 2004, and had "no assets, no income, and nothing of value" in his name. Counsel requested that the trial court declare Massey indigent and appoint him another attorney to represent him on appeal. Counsel argued that,

the Court has stated to defendants as the Court is sentencing them that should they become indigent they would be entitled to a court-appointed attorney. Obviously, I can't pay court costs. That is not permitted by bar regulations, and I cannot even go to the court reporter and order a transcript out of pocket. The client who is indigent would have to pay for that, or he would have to apply for assistance. I don't think that Arthur Massey can pay anything. Obviously, he's filed his affidavit of indigency, so all attorney's work on this would have to be either pro se — I don't think he would get effective assistance of counsel, you know, without the time being paid for him to have an attorney represent him on the appeal.

The trial court responded that according to its Internal Operating Procedure Rule Number 30,

[w]hen an attorney files documents or pleadings in the name of or behalf of a retained criminal defendant, then that attorney shall become the attorney of record in the case through disposition of the case, including if necessary, a first direct appeal. It is the responsibility of counsel to make adequate fee arrangements prior to entry in the case . . . so the court finds at this point that adequate fee arrangements should have been made, and it's up to counsel to pursue the matter through that first direct appeal.

"Under the United States Constitution, the state is required to provide counsel to indigent defendants for their trial and for their first appeal as a matter of right." (Citations omitted.) *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999). Generally, "[t]he determination of whether a defendant is indigent, and entitled to have counsel appointed to pursue an appeal, lies within the discretion of the trial court, and this determination is not subject to review." (Citation omitted.) *Barrett v. State*, 192 Ga. App. 705, 707 (6) (385 SE2d 785) (1989). However, "[r]eview of a trial court's procedure in making decisions as to appointed appellate counsel is authorized." (Citation omitted.) *Hawkins v. State*, 222 Ga. App. 461, 462 (1) (474 SE2d 666) (1996).

Where a defendant retains trial counsel and then claims indigence on appeal, he bears the burden of making that fact known to the trial court or some responsible state official. If the trial court has no reason to believe that the defendant is indigent and cannot afford the services of retained counsel

for the purpose of appeal, it is under no duty to inquire as to the defendant's indigency and may presume that his retained counsel will protect his appellate rights.

(Citation and punctuation omitted.) Id. Nevertheless, "[t]he focus is not upon the current state of [Massey's] legal representation or how that representation may be funded, but upon [his] constitutional right to legal representation," which he does not forfeit "simply because he has asserted it through his current legal representative." (Citations omitted.) *Roberts v. State*, 263 Ga. 764, 765-766 (1) (438 SE2d 905) (1994). Moreover, "once a defendant claims indigence, he rebuts the presumption that his retained counsel will protect his appellate rights." *Hawkins v. State*, supra, 222 Ga. App. at 462 (1).

Once Massey satisfied his burden of making the claim of indigence to the trial court, which he did by his affidavit of indigency and petition for appointed counsel, the court had a duty to inquire into the claim, and make a determination about its legitimacy. Here, the trial court improperly presumed that retained counsel would protect Massey's appellate rights based upon its internal operating procedures which mandated that retained counsel represent defendants through the first direct appeal, notwithstanding any arrangement between counsel and his client to the contrary. It made no determination on the validity of Massey's indigency claim and request for appointed counsel, and this was improper.

Notwithstanding the fact that the trial court erred in failing to make a determination about the authenticity of Massey's indigency claim and the appointment of appellate counsel, Massey fails to demonstrate how he has been disadvantaged in any way by his trial counsel's representation of him on appeal. Massey did not appeal the denial of his appointment of counsel before appellate review, nor does he claim ineffective assistance of counsel. Unlike other cases in which the pro se defendant appealed only the trial court's denial of indigent counsel or failure to rule on the issue, here Massey has also filed a substantive appeal. See, e.g., *Murray v. State*, 265 Ga. App. 119 (592 SE2d 898) (2004); *Schlau v. State*, 261 Ga. App. 303 (582 SE2d 243) (2003); *Mapp v. State*, 199 Ga. App. 47 (403 SE2d 833) (1991). However he managed it, he has appealed the merits of his case, and thus we are able to consider his enumerations of error without having to remand the case to the trial court for a ruling on his indigency petition. Thus, while the trial court erred in failing to rule on his affidavit of indigency, we find no harm.

3. Massey next argues that the trial court erred in permitting a witness to bolster the testimony of the victim by repeating statements the victim allegedly made, in admitting opinion evidence of a lay

witness, and in permitting a "demonstration and dramatization of photographic evidence."

In his brief, Massey failed to specify which of the victim's statements was bolstered by the witness, and failed to specify which opinion evidence was admitted. These arguments are, therefore, abandoned. See Court of Appeals Rule 25 (c) (2) (an enumeration of error which is not supported by argument may be deemed abandoned).

During his testimony, the responding officer was allowed, over objection, to step down from the witness stand and approach photographs depicting the victim's injuries to identify and describe the nature and extent of each photograph in more detail. Massey objected and requested that the officer be examined in the stand because "putting on a stage show is unheard of and improper," but the trial court ruled that the officer could proceed.

Massey complains that the officer's testimony violated OCGA § 24-3-2 in that the testimony inappropriately allowed "a person in the authoritarian position of a law enforcement official [to] tell the jurors what to see." The statute, however, provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence."

Massey does not explain, nor do we understand, the statute's relevance to this enumerated error. However, to the extent that Massey complains about the introduction of the pictures as evidence, the photographs depicting the condition of the victim's face and following the attack were clearly relevant and material to establish the nature and extent of her injury. " 'A photograph which shows mutilation of a victim resulting from the crime against [her] may, however gruesome, have relevance to the trial of [her] alleged assailant.' [Cits.]" *Lewis v. State*, 180 Ga. App. 369, 370 (2) (349 SE2d 257) (1986). Massey was charged with aggravated battery "with a certain broom," and with his "hands and feet." The photographs were clearly relevant to confirm the type of injury inflicted on the victim, including the sneaker print on her face.

4. Massey also complains that the trial court erred in denying him the right to fully cross-examine the victim.

A defendant is of course "entitled to a thorough and sifting cross-examination as to all relevant issues." (Citation omitted.) *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999). The trial court, however, "in determining the scope of relevant cross-examination, has a broad discretion. Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way

and to whatever extent, the defense might wish." (Citations and punctuation omitted.) Id.

To the extent that Massey sought to attack the victim's character through testimony about her use of alcohol during her pregnancy, whether she hid Massey from the police, and her alleged jealousy over Massey's new relationship, a "victim's character is rarely relevant for any purpose in a criminal proceeding. [Cits.]" *Kolokouris v. State*, supra, 271 Ga. at 600 (4). Although Massey complains that he was not allowed to confront the victim about who had removed the broom from the automobile, the transcript reveals that the State objected on the basis that the question had been "asked and answered." There was no objection to the relevance of the question, and further, the trial court did not rule on the State's objection. Massey instead followed up with a different question regarding whether the victim hid Massey from the police. Based on our review, the trial court did not abuse its discretion in limiting the scope of cross-examination to the issues directly related to the incidents.

5. Likewise, we find no merit to Massey's contention that the trial court erred in charging the jury on aggravated assault. Massey argues that there was a fatal variance between what was charged in the indictment and the instruction given to the jury. He also appears to argue that it was error for the trial court to specifically name "feet, fists, and broom handle" as possible deadly weapons in its charge, and to define assault. We have reviewed the charge as given, and discern no reversible error.

Massey is correct that a criminal defendant's right to due process may be endangered when an indictment charges the defendant with committing a crime in a specific manner and the trial court's jury instruction defines the crime as an act which may be committed in a manner other than the manner alleged in the indictment. *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999). Moreover, if there was evidence at trial to support a conviction on the manner of committing the crime *not* stated in the indictment, and the trial court did not instruct the jury to limit its consideration to the manner alleged in the indictment, then the defendant's conviction must be reversed. Id.

The indictment charged Massey with having committed an aggravated assault on the victim by assaulting her with a "certain broom . . . in a manner . . . likely to result in serious bodily injury," and with assaulting the victim "with his hands and feet . . . in a manner . . . likely to result in serious bodily injury." The trial court first defined assault as "an attempt to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of immediately receiving a violent injury." It continued that "a person commits the offense of aggravated assault when he assaults

with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." See OCGA § 16-5-21 (a) (2).

> Contrary to [Massey's] contention, the trial court did not charge a separate, unalleged method of committing aggravated assault, but simply defined both methods of committing simple assault. . . . Furthermore, the charge tracked the suggested pattern charge on aggravated assault, which includes the statutory definitions of simple assault. The record demonstrates no error.

(Footnote omitted.) *Heard v. State*, 257 Ga. App. 315, 317 (2) (573 SE2d 82) (2002). Massey also complains that it was error for the trial court to specifically name "feet, fists, and broom handle" as possible deadly weapons in its charge. However,

> the trial court's charge tracked the indictment, informing the jurors that *if* they believed beyond a reasonable doubt that appellant committed the offense in the manner alleged in the indictment, they were authorized to convict appellant of aggravated assault. A complaint about a portion of the charge which follows the language of the indictment is without merit.

(Citations omitted; emphasis in original.) *Williams v. State*, 184 Ga. App. 480 (1) (361 SE2d 713) (1987).

6. Massey complains that the trial court failed to instruct the jury as to the lesser included offense of battery. At the conclusion of the charge, Massey objected to the charge as given, and stated that he had earlier requested a lesser included offense charge on battery. The record, however, does not reflect that Massey submitted a written request to charge on this offense. In Georgia, generally "it is not error for a trial court to fail to charge a lesser included offense if not requested in writing." (Citation and footnote omitted.) *Crider v. State*, 246 Ga. App. 765, 767 (2) (542 SE2d 163) (2000).

In his brief, Massey appears to concede that he did not file a written request to charge on battery. He argues that "failure to give an unrequested charge is reversible error when the omission is clearly harmful and erroneous as a matter of law in that the charge as given fail[ed] to provide the jury with the proper guidelines for determining guilt or innocence." (Citations and punctuation omitted.) *Kennedy v. State*, 277 Ga. 588, 591 (3) (592 SE2d 830) (2004). "In this case, the charge as given did not fail to provide the jury with such guidelines, and [Massey] waived any other error by failing to request

the charge in writing. [Cit.]" *Phillips v. State*, 269 Ga. App. 619, 629 (7) (604 SE2d 520) (2004).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 17, 2006.

*Edith M. Edwards*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.