## S03A0665. CONAWAY v. THE STATE.
### (589 SE2d 108)

HINES, Justice.

Etheridge Conaway appeals his convictions for malice murder, armed robbery, kidnapping, and possession of a firearm during the commission of a felony, all in connection with the death of Antonio Johnson.[1] For the reasons that follow, we affirm.

---

[1] Johnson was killed on the night of December 31, 1997-January 1, 1998. On February 6, 1998, a Fulton County grand jury indicted Conaway for malice murder, felony murder while in the commission of aggravated assault, armed robbery, three counts of aggravated assault against Johnson, one count of aggravated assault against Leroy Sanders, two counts of kidnapping, two counts of false imprisonment, one count of possession of a firearm during the commission of a felony against Johnson, and one count of possession of a firearm during the commission of a felony against Sanders; on most counts he was named as a co-defendant with Paul Benjamin Green, Todd Jefferson, and Cornelius Mason. Conaway was tried with Green and Mason on September 28-October 8, 1998, and was found guilty of all charges, as were they. However, each one's motion for new trial was granted on August 11, 1999. The three were again tried before a jury on August 14-30, 2000, and Conaway was found guilty on all charges, except one charge of aggravated assault, on which he was acquitted. On September 15, 2000, Conaway was sentenced, but the sentence included a prison term for a count on which Conaway was not indicted. On February 28, 2001, he was re-sentenced to terms of life in prison for malice murder, life in prison for armed robbery, to be served con-

Construed to support the verdicts, the evidence showed that on the night of December 31, 1997-January 1, 1998, Conaway, Paul Green, Cornelius Mason, and others were at Mason's house. See *Green v. State*, 274 Ga. 686 (558 SE2d 707) (2002). They were celebrating the New Year by drinking, taking drugs, and firing weapons in the air. Shortly after midnight, Johnson arrived, accompanied by Sanders, to purchase drugs. When Johnson entered the house, he possessed a green jacket, a wallet with some money in it, and a paycheck stub.

Mason believed that Johnson had certain knowledge concerning a prior attempt to rob Mason. Conaway, Mason, and Green held pistols on Johnson and Sanders and kept them captive. Conaway took Sanders from the house at gunpoint; they returned, and Sanders was permitted to leave. Johnson's jacket, wallet, and paycheck stub were taken. Conaway shot Johnson in the chest, with the muzzle of the pistol pressed against Johnson's torso. While Johnson was still alive, Conaway and Green removed him from the house, placed him in a car, and drove to another location, where Green took Johnson from the car and shot him five times. Conaway and Green then hid their pistols.

1. Conaway challenges the sufficiency of the evidence, arguing that his testimony demonstrates that his shooting Johnson was the result of an accident which occurred when Conaway and another man reached for a pistol at the same time and Conaway fell, and that any additional participation in the crimes was the result of coercion. But Conaway's testimony at most created a conflict with other evidence that showed his participation in the crimes was voluntary, and the evidence authorized the jury to reject Conaway's testimony and find, beyond a reasonable doubt, Conaway to be guilty of all crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Holmes v. State*, 269 Ga. 124, 125 (1) (498 SE2d 732) (1998).

---

secutively to the malice murder sentence, two terms of twenty years in prison for kidnapping, to be served concurrently with each other and consecutively to the term for malice murder, and two terms of five years in prison for possession of a firearm during the commission of a felony, to be served concurrently with each other and consecutively to the term for malice murder; the felony murder charge stood vacated by operation of law and the trial court found that the three aggravated assault charges for which Conaway was found guilty merged as a matter of fact with the malice murder, and that the two false imprisonment charges likewise merged as a matter of fact with the two kidnapping charges. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Conaway moved for an out-of-time appeal on October 30, 2000, which apparently was granted; his motion for a new trial was filed on February 13, 2001, and amended on December 14, 2001. The motion for new trial was denied on October 8, 2002. Conaway's notice of appeal was filed on November 4, 2002, the appeal was docketed in this Court on January 16, 2003, and submitted for decision on March 10, 2003.

2. Conaway also asserts that he did not receive effective assistance of trial counsel. In order to prevail on this claim, he must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In particular, Conaway contends that counsel was ineffective for failing to request a jury charge on coercion. See OCGA § 16-3-26.

But counsel testified at the hearing on the motion for new trial that, after discussion, he and Conaway decided to pursue an accident defense, and that counsel did not believe it would be fruitful to attempt to argue both accident and coercion as doing so could confuse the jury. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Rucker v. State*, 271 Ga. 426 (520 SE2d 693) (1999). Counsel's decision as to which requests to charge to pursue in light of the defense theory is a strategic one. *Canada v. State*, 275 Ga. 131, 133 (2) (562 SE2d 508) (2002). That decision is not judged in hindsight, or by its result; as counsel articulated a valid strategic decision regarding a coercion instruction, failure to request that charge is not ineffective assistance. *Slade v. State,* 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

Further, even had such a jury charge been warranted and requested, the omission of the instruction would have been harmless beyond a reasonable doubt. See *Romine v. State*, 256 Ga. 521, 530 (4) (350 SE2d 446) (1986). First, coercion is no defense to murder:

> A person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury.

OCGA § 16-3-26. Second, "[t]he danger [faced by the defendant] must not be one of future violence, but of present and immediate violence, at the time of the commission of the forbidden act." *Burns v. State*, 89 Ga. 527, 528 (5) (15 SE 748) (1892). See also *Wilson v. State*, 255 Ga. App. 497, 499 (565 SE2d 847) (2002). Conaway testified that he feared Mason. But his own testimony as to why he did not end his criminal behavior when he and Sanders left the house, or when he and Green took Johnson away from the house, was that his fear was of *future* retribution from Mason. Accordingly, had the jury been instructed on coercion, there is no likelihood that the result of his trial would have been different. *Smith*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 26, 2003.

*Carla J. Friend*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.