A04A0084. MOSELY v. THE STATE.
(599 SE2d 252)

PHIPPS, Judge.

A grand jury indicted Willie J. Mosely for armed robbery by taking Rosa Kendrick's purse by use of a gun, aggravated assault by assaulting Kendrick with the intent to rob her, aggravated assault by assaulting Kendrick with a gun, and simple battery by striking Kendrick.[1] A jury found him guilty of aggravated assault (intent to

---

[1] Other counts in the indictment are not relevant to this appeal.

rob) and simple battery and not guilty of armed robbery and aggravated assault (with a gun). Mosely's motion for new trial was denied. On appeal, Mosely claims that the jury rendered inconsistent verdicts and that his trial counsel rendered ineffective assistance. Because Mosely has failed to demonstrate error, we affirm.

The state's evidence showed that Mosely moved in with Kendrick after the two had been dating for a few months. On March 16, 2003, Kendrick went on an all-day shopping spree, during which time Mosely called her about 25 times telling her that he was sick, that he needed drugs, and that he needed her to give him money. When she returned home that night, Mosely was very angry. He pressed her for money, and she repeated that her money would not be used for drugs. Mosely hit her with a telephone. The two struggled over Kendrick's purse until Mosely held a gun to Kendrick's head, at which point, she released the purse. Mosely ran with the purse and entered Kendrick's car, where he frantically searched through the purse. Kendrick's car keys were inside the house. Moments later, Mosely exited the car and, after trying unsuccessfully to regain entry into the home, he left. Kendrick found her purse by the front door. An amount of $20 was missing from it. When Mosely was arrested about twenty minutes later at a house about two blocks away, police found no money on his person.

Mosely testified and denied asking Kendrick for money on the day in question, denied taking anything from her, and denied having a gun. He testified that earlier that day, he realized that his relationship with Kendrick "wasn't going anywhere" and therefore packed his belongings. When Kendrick returned and saw the packed items, she became upset. He was already upset because she had been away from home all day. During the ensuing argument, Kendrick telephoned her daughter. Mosely said to her, "fuck both of you bitches," at which point Kendrick rushed to him and hit him with the telephone. Mosely testified, "I slapped her back." To avoid further confrontation with her, Mosely left.

1. Mosely claims that the jury's not guilty verdict on the charge of armed robbery was factually inconsistent with its guilty verdict on the charge of aggravated assault (intent to rob). Because the Supreme Court of Georgia has abolished the inconsistent verdict rule in criminal cases,[2] "a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count."[3] Therefore, this claim of error is unavailing.

---

[2] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[3] (Citation and punctuation omitted.) *Lawrence v. State*, 274 Ga. 794 (2) (560 SE2d 17) (2002).

2. Mosely claims that the trial court erred in denying his motion for new trial, contending that he received ineffective assistance of counsel. To prevail on this claim, Mosely must establish, pursuant to *Strickland v. Washington,*[4] both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense.[5] Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.[6] In reviewing a trial court's determination of a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings, unless they are clearly erroneous; we review a trial court's legal conclusions de novo.[7]

Mosely first contends that his trial counsel was ineffective by not objecting to Kendrick's testimony that he was a drug user, arguing that the testimony placed his character in issue. Relevant evidence is not rendered inadmissible simply because it incidentally puts the defendant's character in issue.[8] The state presented Mosely's drug use as a motive for the charged crimes.

> Although motive is not an essential element in proving the crimes charged, the State is entitled to present evidence to establish that there was a motive, and evidence that [Mosely] used drugs is relevant to prove that he had a motive for committing the crime and is not rendered inadmissible by the fact that it incidentally puts his character in issue.[9]

Thus, Mosely has not demonstrated that his trial counsel performed deficiently by failing to object to the complained-of testimony.

Next, Mosely contends that his trial counsel rendered ineffective assistance by failing to request a charge on justification as a defense to the simple battery charge. He points out that, during deliberations, the jury asked for a definition of self-defense and that the trial court declined to define the defense, instructing that the defense could not be considered because it had not been asserted.

At the hearing on the motion for new trial, Mosely's trial counsel was asked why justification, and especially self-defense, had not been raised as a defense to the charge of simple battery. She answered that in discussing the case, "[Mosely] told me that what he did was

---

[4] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] See *Conaway v. State,* 277 Ga. 422, 424 (2) (589 SE2d 108) (2003).

[6] *Lajara v. State,* 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

[7] *Suggs v. State,* 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000).

[8] *Hall v. State,* 264 Ga. 85, 86 (2) (441 SE2d 245) (1994); *Shelton v. State,* 251 Ga. App. 34, 37 (2) (553 SE2d 358) (2001).

[9] (Citation omitted.) *Brady v. State,* 270 Ga. 574, 578-579 (5) (a) (513 SE2d 199) (1999).

reactionary and was not self-defense." She elaborated, "He never felt threatened by her. He never felt that he couldn't have just walked away. He just reacted and popped her back because she hit him first." Counsel further recalled, "I had sent him a letter . . . and asked him to let me know if he wanted me to raise any sort of defense such as alibi, self-defense or prior violent acts of the victim, and he never told me that he wanted to raise self-defense as a justification." She explained that the main thrust of the defense had been directed at the more serious charges of armed robbery, aggravated assault with the intent to rob, and aggravated assault with a deadly weapon, including keeping out evidence of Mosely's prior acts of armed robbery and burglary. Mosely did not testify at the hearing.

The trial court stated that the trial evidence had shown that Mosely had cursed Kendrick, that she hit him, and that he hit her back. It found that "either [Mosely] set out to cause a fight or . . . there was some sort of combat by agreement, but it didn't appear that he was claiming self-defense here." Further, the trial court noted, Mosely's trial counsel "got him acquitted of the armed robbery and one of the aggravated assaults [and] probably saved him considerable prison time because of his prior record and his status as a recidivist."

Counsel's decisions as to which theory of defense to pursue and which charges to request in light of the defense theory are strategic ones and therefore are the exclusive province of the lawyer after consultation with the client.[10] As a general rule, matters of strategy, "whether wise or unwise, do not amount to ineffective assistance of counsel."[11] Furthermore,

> [a] defendant must overcome the strong presumption that his attorney's performance fell within a wide range of reasonable professional conduct and that the attorney's decisions were made in the exercise of reasonable professional judgment. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case.[12]

Although Mosely's testimony concerning what led to his striking Kendrick may have authorized a charge on some justification defense,[13] Mosely presented no evidence at the hearing on the motion for new trial that he intended to assert such a defense or that it was

---

[10] *Conaway*, supra; *Chapman v. State*, 273 Ga. 348, 351 (2) (541 SE2d 634) (2001).

[11] (Citation and punctuation omitted.) *Berry v. State*, 267 Ga. 476, 482 (4) (i) (480 SE2d 32) (1997).

[12] (Citation omitted.) Id. at 479 (4); see also *Conaway*, supra.

[13] See OCGA § 16-3-20.

his sole defense.[14] Counsel has a duty to investigate, "evaluate potential avenues and advise the client of those offering possible merit. However, after having been informed, the defendant, and not his attorney, makes the ultimate decision about . . . what line of defense to pursue."[15] Mosely has made no claim that his trial counsel failed to advise him about a justification defense. Rather, the evidence that he did not wish to pursue such a defense after consultation with his trial counsel was undisputed. Because the trial court's finding that Mosely was not pursuing justification in defense of the simple battery charge was supported by some evidence, that finding was not clearly erroneous. Furthermore, trial counsel focused on defending against the more serious charges and excluding evidence of Mosely's prior crimes, which were excluded. "Although another lawyer may have conducted the trial differently, this does not mean that [Mosely] did not receive a vigorous and complete defense. In fact, [Mosely] was acquitted for [two] of the serious crimes for which he was being tried."[16] We conclude that Mosely has failed to show that his trial counsel's strategy of focusing on the more serious charges and not requesting a jury charge on a defense that he had expressed no desire to pursue was beyond the bounds of reasonable professional conduct.[17]

Because Mosely did not establish that trial counsel's performance was deficient, he did not satisfy the first prong of *Strickland v. Washington*.[18] Accordingly, the trial court did not err in denying his motion for new trial based on ineffective assistance of trial.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MAY 6, 2004.

*Timothy J. Crouch*, for appellant.

*Leigh E. Patterson, District Attorney, C. Stephen Cox, John F. McClellan, Jr., Assistant District Attorneys*, for appellee.

---

[14] The appellate record does not reveal Mosely's defense. No opening statement or closing argument was transcribed.

[15] (Citation and punctuation omitted.) *Morrison v. State*, 258 Ga. 683, 686 (3) (373 SE2d 506) (1988).

[16] (Citation omitted.) *Sutton v. State*, 261 Ga. App. 860, 864 (2) (a) (583 SE2d 897) (2003); see also *Jones v. State*, 180 Ga. App. 706, 707 (350 SE2d 309) (1986).

[17] See *Carswell v. State*, 263 Ga. App. 833, 836 (6) (c) (589 SE2d 605) (2003); *Moon v. State*, 244 Ga. App. 443, 446 (3) (535 SE2d 771) (2000) (acknowledging theft by taking and focusing defense on "more serious charge" of kidnapping was reasonable strategy).

[18] Supra.