S06A2102. SIMS v. THE STATE.
(640 SE2d 260)

BENHAM, Justice.

Leroy Vaughn Sims appeals his conviction for the malice murder of Shelley Griffin.[1] The evidence presented at trial showed that after police executed a search warrant at Griffin's home, Griffin confronted appellant, accused him of being a snitch, and threatened him. Griffin left to get his pistol, then returned and called for appellant to come outside. When appellant's brother Dewey and co-defendant Terry Tolbert arrived and approached, carrying guns, appellant joined them. As they approached, Griffin gave his gun to a friend. During the ensuing confrontation, in which Griffin urged the others not to use

[1] The killing occurred on January 26, 1996, and a grand jury indicted appellant and two co-defendants, his brother Dewey Sims and Terry Tolbert, on March 19, 1996, for malice murder, felony murder, and possession of a firearm during commission of a felony. A jury found appellant guilty on November 21, 1996, of malice murder and felony murder and acquitted him of the firearm possession charge. The trial court sentenced appellant to life imprisonment for malice murder and the felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Pursuant to the grant of a motion for out-of-time appeal, appellant filed a motion for new trial on October 18, 2005, which was denied April 11, 2006. Following the filing of a timely notice of appeal, the appeal was docketed in this Court on August 15, 2006, and was submitted for decision on the briefs.

guns, but to "fight like men," Dewey Sims shot Griffin in the head, killing him.[2] A witness present at the shooting testified appellant urged his brother to shoot Griffin. The same witness also testified about an encounter a few days before Griffin was killed in which appellant held a gun to the head of a friend of Griffin identified only as Bobby. According to the witness, Griffin intervened on behalf of his friend, prompting appellant to threaten to shoot Griffin in the head.

1. Appellant was prosecuted for murder as a party to the crime.

> Evidence of a defendant's conduct prior to, during, and after the commission of a criminal act will authorize the defendant's conviction for commission of the criminal act if a jury could infer from the conduct that the defendant intentionally encouraged the commission of the criminal act. [Cits.]

*Jordan v. State*, 272 Ga. 395, 396 (1) (530 SE2d 192) (2000). The evidence adduced at trial, including eyewitness testimony that appellant encouraged his brother to shoot Griffin, evidence that appellant had recently threatened to shoot Griffin in the head, and testimony that appellant joined his brother and Tolbert in the confrontation and fled with them after the shooting, was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of being a party to the murder of Griffin. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jordan v. State*, supra.

Appellant contends he could only be convicted as a party to the murder by evidence that he encouraged the shooting. OCGA § 16-2-20. He argues that his participation as a party was not proved because the only evidence he encouraged his brother to shoot Griffin was testimony that he said something like "do it" or "do him," both of which sound like "Dewey," and because other witnesses testified he tried to dissuade Dewey from violence. However, "on appeal, the function of this Court is not to weigh the evidence or resolve conflicts in trial testimony; this Court is to examine the evidence in the light most favorable to the verdict and to determine whether it is legally sufficient to uphold a finding of the defendant's guilt." *Brewer v. State*, 280 Ga. 18 (1) (622 SE2d 348) (2005).

2. When a witness testified about the confrontation in which appellant pointed a gun at Bobby's head, trial counsel made no objection. On appeal, appellant contends the failure to object was ineffective assistance of counsel. His argument is that since the

---

[2] Dewey Sims' conviction for murder and other crimes was affirmed at *Sims v. State*, 268 Ga. 381 (489 SE2d 809) (1997).

testimony amounted to evidence of an independent offense, its admission without the procedural safeguards of Uniform Superior Court Rule (USCR) 31.3 (B) (notice and hearing prior to admission of evidence of similar transaction) improperly put his character in issue and would require reversal of his conviction. *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991). Therefore, he contends, both the deficient performance and prejudice prongs of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), have been met.

Fatal to appellant's argument is the fact the testimony complained of did not involve only appellant and another person unconnected to the crime here. As noted above, the confrontation between appellant and Bobby led immediately and directly into a confrontation between appellant and Griffin in which appellant threatened to shoot Griffin. Thus, the testimony amounted to evidence of prior difficulties between appellant and Griffin. *Sallie v. State*, 276 Ga. 506 (11) (578 SE2d 444) (2003); *Parks v. State*, 275 Ga. 320 (6) (565 SE2d 447) (2002). Such evidence is admissible without notice and a hearing pursuant to USCR 31.3. *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998). Since the testimony was admissible, an objection to it would have been without merit, and failure to make a meritless objection does not constitute ineffective assistance of counsel. *Moore v. State*, 278 Ga. 397 (2) (e) (603 SE2d 228) (2004). It follows that appellant's claim of ineffective assistance of counsel was correctly rejected by the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2007.

*J. Pete Theodocion*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.