## A07A2385. BREAZEALE v. THE STATE.
### (660 SE2d 376)

MIKELL, Judge.

Charles Lee Breazeale, Jr., was convicted of two counts of cruelty to children (second degree)[1] and one count of family violence battery,[2] based on evidence that his two children witnessed him bash their mother in the head with his head. In his pro se appeal, Breazeale raises 14 enumerations of error. We address them below, grouped by category for clarity. Finding no error, we affirm.

1. In his first three enumerations of error, Breazeale complains that the trial court erred in admitting similar transaction evidence. We disagree. Breazeale was tried for "head-butting" his wife, and his wife was permitted to testify that he did the same thing to his 11-year-old daughter shortly before committing the offenses for which he was tried. Breazeale was six feet tall and weighed 240 pounds.

(a) Breazeale argues that the state failed to satisfy the three-pronged test for the admissibility of such evidence.[3] Under this test, similar transaction evidence is admissible if (1) it is introduced for a proper purpose, (2) sufficient evidence shows that the accused committed the independent offense, and (3) a sufficient connection or similarity exists between the independent offense and the crime charged so that proof of the former tends to prove the latter.[4] In the case at bar, the trial court ruled at the pretrial hearing held pursuant to USCR 31.3 (B) that the incident with the child would be admissible for the limited purpose of showing Breazeale's course of conduct and

---

[1] Breazeale was indicted under former OCGA § 16-5-70 (c) (2), which specified that a "person commits the offense of cruelty to children in the second degree when . . . [s]uch person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery." The statute was amended in 2004, and reclassifies this offense as cruelty to children in the third degree. OCGA § 16-5-70 (d) (2).

[2] OCGA § 16-5-23.1 (a), (f).

[3] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[4] Id. See also Uniform Superior Court Rule ("USCR") 31.3 (B).

bent of mind. Identity was not an issue, and the incidents were exactly the same except that the offenses were committed against different family members.

The trial court did not abuse its discretion in admitting the evidence at issue.[5] "In cases of domestic violence, prior incidents of abuse against family members . . . are more generally permitted because there is a logical connection between violent acts against two different persons with whom the accused had a similar emotional or intimate attachment."[6]

(b) Breazeale further complains that the trial court erred in failing to give the jury a limiting instruction prior to the introduction of the evidence. We disagree. A trial court is not required to give a limiting charge, in the absence of a request, contemporaneously with the admission of similar transaction evidence.[7] Furthermore, contrary to Breazeale's contention, his counsel's failure to request a contemporaneous limiting instruction was not ineffective assistance because the trial court included a limiting instruction in its final charges to the jury. "Therefore, even if trial counsel's performance were deficient in this regard, [Breazeale] has not shown that but for this deficiency, the outcome of his trial would have been different. As both showings are required, this claim of ineffectiveness fails."[8]

(c) Breazeale argues that his counsel rendered ineffective assistance because he was unprepared to rebut the similar transaction evidence. The record belies this assertion. Trial counsel testified at the hearing on the motion for new trial that he represented Breazeale in a contested divorce action as well as in the criminal case, and that counsel deposed Ms. Breazeale and questioned her about the incident for which Breazeale was subsequently tried. At trial, counsel used the deposition to impeach Ms. Breazeale. Breazeale has not demonstrated a reasonable probability that any additional investigation or

---

[5] See *Brigman v. State*, 282 Ga. App. 481, 484 (2) (639 SE2d 359) (2006) (admission of similar transaction evidence will be upheld on appeal unless the trial court has abused its discretion).

[6] (Citation omitted.) *Maskivish v. State*, 276 Ga. App. 701, 705 (4) (624 SE2d 160) (2005).

[7] See *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998). Accord *Johnson v. State*, 236 Ga. App. 252, 255 (1) (b) (511 SE2d 603) (1999).

[8] (Footnote omitted.) *Copeland v. State*, 276 Ga. App. 834, 838 (2) (b) (625 SE2d 100) (2005). See also *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001) ("[t]he two-prong test for determining the validity of a claim of ineffective assistance of counsel . . . asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency") (citation and punctuation omitted).

preparation by counsel would have changed the outcome of his case.[9] The trial court did not err in denying this claim of ineffectiveness.[10]

2. In his fourth enumeration of error, Breazeale argues that the trial court erred in admitting evidence of prior difficulties with the victim without requiring compliance with the notice and hearing requirements of USCR 31.3 (B), which governs the admission of similar transaction evidence. However, evidence of prior difficulties between the accused and the victim "is admissible without notice and a hearing pursuant to USCR 31.3."[11] Breazeale additionally argues that trial counsel was ineffective for failing to object to the admission of the evidence. But "[e]vidence of prior difficulties between the accused and the victim is admissible to show the defendant's motive, intent, or bent of mind."[12] "Since the testimony was admissible, an objection to it would have been without merit, and failure to make a meritless objection does not constitute ineffective assistance of counsel."[13]

3. In his fifth enumeration of error, Breazeale argues that the trial court failed to give a contemporaneous limiting instruction to the jury prior to the introduction of evidence of prior difficulties with the victim. Breazeale also argues that his counsel was ineffective for failing to request such an instruction.

It is true that "the admission of such evidence should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence."[14] However, the failure to do so is not error in the absence of a request.[15] It follows that, having failed to request a contemporaneous limiting instruction when evidence of prior difficulties with the victim was admitted, Breazeale cannot assert that the trial court erred in failing to give one. Moreover, because the trial court included the limiting instruction in its charges at the end of trial, Breazeale has not shown that he was prejudiced by his counsel's failure to request a limiting instruction at the time the evidence was admitted.[16]

---

[9] See *Daly v. State*, 285 Ga. App. 808, 813-814 (4) (f) (648 SE2d 90) (2007).

[10] See *Carey v. State*, 281 Ga. App. 816, 818 (2) (637 SE2d 757) (2006) (on appellate review of ineffective assistance claim, trial court's factual findings and credibility determinations are accepted unless clearly erroneous, while application of legal principles to the facts is reviewed de novo).

[11] *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007), citing *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).

[12] (Footnote omitted.) *Denson v. State*, 259 Ga. App. 342, 345 (3) (577 SE2d 29) (2003).

[13] (Citation omitted.) *Sims*, supra.

[14] (Citations omitted.) *Wall*, supra.

[15] See *Belt*, supra at 764.

[16] See *Copeland*, supra.

4. In his seventh enumeration of error, Breazeale contends that the trial court improperly limited his testimony concerning prior difficulties with the victim. The record shows that when Breazeale began to explain the family's deteriorating financial situation in detail, the state objected on relevance grounds. The court stated that although the testimony was arguably relevant, Breazeale needed to respond to the prior difficulties testimony. Breazeale did so, but was later permitted to testify extensively concerning his wife's mishandling of their checking account. "We find no abuse of discretion which would allow this court to control the trial court's discretion in this instance."[17]

5. In his sixth enumeration of error, Breazeale contends that the trial court erred in failing to give a charge on self-defense even though he did not request that charge. He also argues that trial counsel was ineffective for failing to request various charges on justification, including self-defense and mutual combat. These arguments fail, because the record shows that Breazeale pursued a defense of accident, not justification. A trial court is only required to give an unrequested charge on a defendant's sole defense, not where, as here, a different defense theory is pursued.[18]

Regarding the ineffectiveness claim, counsel testified at the hearing on the motion for new trial that he discussed various defenses with Breazeale, and together they made a tactical decision to assert an accident defense, because it was supported by the evidence. Counsel explained that based on the facts, a self-defense theory "would have put [Breazeale] with an offensive move . . . in the presence of the two children," and counsel advised against it.

> Counsel's decisions as to which theory of defense to pursue and which charges to request in light of the defense theory are strategic ones and therefore are the exclusive province of the lawyer after consultation with the client. As a general rule, matters of strategy, whether wise or unwise, do not amount to ineffective assistance of counsel.[19]

The trial court did not err in denying Breazeale's ineffectiveness claim on this ground.

6. Breazeale's eighth enumeration of error alleges that the trial court erred in failing to charge the jury that malice was an essential element of the offenses with which he was charged. As malice is not

---

[17] (Citations omitted.) *Wright v. State*, 169 Ga. App. 181, 183 (3) (312 SE2d 181) (1983).

[18] *Winfrey v. State*, 286 Ga. App. 450, 453 (5) (649 SE2d 561) (2007).

[19] (Punctuation and footnotes omitted.) *Mosely v. State*, 267 Ga. App. 275, 278 (2) (599 SE2d 252) (2004).

an element of either second degree cruelty to children, as defined by former OCGA § 16-5-70 (c) (2), or battery, this argument fails. Battery is committed by intentionally causing substantial physical harm or visible bodily harm to another.[20] Prior to 2004, cruelty to children in the second degree was committed when a primary aggressor committed a forcible felony, battery, or family violence battery, with knowledge that a child under the age of 18 is present and hears or sees the act.[21] It follows that the trial court did not err in failing to charge the jury on malice as an element of the crimes.

7. In his ninth enumeration of error, Breazeale alleges that the trial court was required to define the term "primary aggressor" in its charge to the jury on cruelty to children. Breazeale's argument has no support in Georgia law. The trial court properly charged the jury in accordance with former OCGA § 16-5-70 (c) (2), and there is no evidence that the jury was confused by the charge. Therefore, this enumeration of error fails.

8. Breazeale's tenth enumeration of error asserts that the trial court erred in determining that he was not indigent. At the hearing on the motion for new trial, Breazeale moved for a continuance, contending that he could not afford either an attorney or a copy of the trial transcript. The court inquired as to Breazeale's financial circumstances, and Breazeale informed the court that he was employed by a software company earning $74,000 per year. The court also learned that Breazeale owned seven unencumbered acres of land. The indigent defense coordinator testified that Breazeale did not qualify for a public defender. The trial court denied Breazeale's motion for a continuance. There was no error. "The determination of whether a defendant is indigent, and entitled to have counsel appointed to pursue an appeal, lies within the discretion of the trial court, and this determination is not subject to review."[22] "We will not look behind the court's determination of indigence."[23]

9. In his eleventh enumeration of error, Breazeale argues that the trial court erred in proceeding with the hearing on the motion for new trial without obtaining a waiver of counsel from him. But Breazeale, not being indigent, had no right to court appointed coun-

---

[20] OCGA § 16-5-23.1 (a).

[21] OCGA § 16-5-70 (c) (2), now OCGA § 16-5-70 (d) (2). See n. 1, supra.

[22] (Citation and punctuation omitted.) *Massey v. State*, 278 Ga. App. 303, 305 (2) (628 SE2d 706) (2006). See also *Penland v. State*, 256 Ga. 641, 642 (352 SE2d 385) (1987).

[23] (Citation omitted.) *McQueen v. State*, 240 Ga. App. 15, 16 (522 SE2d 512) (1999). Accord *Patel v. State*, 283 Ga. App. 181, 183 (1) (641 SE2d 184) (2006).

sel.[24] This enumeration of error fails as well.

10. In his twelfth and thirteenth enumerations of error, Breazeale asserts that his conviction violates constitutional principles of equal protection and due process of law. "Because [Breazeale] failed to raise this or any other constitutional objection . . . at trial, he has waived all such objections on appeal."[25]

11. Breazeale's final enumerated error asserts that he was denied the right to a speedy trial. However, the body of this enumeration argues that he was denied the constitutional right to a speedy appeal. The record shows that Breazeale's trial counsel filed a motion for new trial on January 10, 2005, and the trial court denied the motion on May 25, 2007. But Breazeale filed a motion for a continuance of the hearing on the new trial motion on April 24, 2007. The fact that he sought a continuance is fatal to his claim.

"While there is no Sixth Amendment right to a speedy appeal, due process concepts necessarily become implicated when substantial delays are experienced during the criminal appellate process."[26] "Although the interests at stake before trial and before appeal obviously differ, the right to a speedy trial and speedy post-conviction appeal are sufficiently similar to warrant the same general approach."[27] A request for a continuance following a demand for a speedy trial operates as a waiver of the demand under Georgia law.[28] We apply the same approach to this constitutional claim and hold that by moving for a continuance, Breazeale waived his due process rights.

12. Breazeale's "Motion to Enforce Appellee Compliance with Rule 25 (c) (1)" is denied. Contrary to his assertion, the state's brief sufficiently complies with the rules of this Court.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 23, 2008 —
RECONSIDERATION DENIED MARCH 27, 2008 —

Charles L. Breazeale, Jr., *pro se.*

---

[24] *Wood v. State*, 199 Ga. App. 252, 253 (1) (404 SE2d 589) (1991). Compare *Bollinger v. State*, 272 Ga. App. 688, 689-690 (1) (613 SE2d 209) (2005) (explaining standards for knowing and intelligent waiver of right to counsel for trial purposes).

[25] (Footnote omitted.) *Jordan v. State*, 283 Ga. App. 85, 86 (2) (640 SE2d 672) (2006).

[26] (Citation and punctuation omitted.) *Chatman v. Mancill*, 278 Ga. 488, 489, n. 2 (604 SE2d 154) (2004).

[27] (Citations and punctuation omitted.) *Threatt v. State*, 282 Ga. App. 884, 886 (640 SE2d 316) (2006).

[28] *Rice v. State*, 264 Ga. 846, 847 (452 SE2d 492) (1995) (principle applied to demand under OCGA § 17-7-170).

*Kelly R. Burke, District Attorney, Joshua D. Morrison, Assistant District Attorney,* for appellee.