## A07A2440. PRESLEY v. THE STATE.
### (658 SE2d 773)

PHIPPS, Judge.

On this appeal from his conviction for cocaine trafficking, Eric Presley argues that the evidence was insufficient, that the trial court erred when it closed voir dire proceedings to the public and when it instructed the jury not to open a package of cocaine during its deliberations, and that trial counsel was ineffective. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the record shows that Presley was under surveillance in the course of a police buy-and-bust operation when he left a

---

[1] *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Wendy's parking lot and drove onto a nearby interstate. Four officers in pursuit saw a white puff rise from the area of Presley's car, pulled over to investigate, and found powder and chunks of suspected cocaine. Two of the officers scraped the white substance off the pavement. The other two officers apprehended Presley, who had bailed out of his car and fled on foot, at his residence. The white substance retrieved from the pavement was later identified as 40.86 grams of 72 percent pure cocaine.

1. The evidence outlined above was sufficient to sustain Presley's conviction for cocaine trafficking.[3]

2. Presley argues that the trial court violated his right to a public trial when it excluded the public from the courtroom during voir dire. We disagree.

> The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review.[4]

The record shows that before conducting voir dire, the trial court asked Presley's uncle to wait outside the courtroom because the limited available seats would be filled with prospective jurors. The trial court told the uncle that although he was "welcome to come in after we complete selecting the jury," he could not "sit and intermingle with members of the jury panel." At the hearing on Presley's motion for new trial, a bailiff testified that the county courtrooms become very crowded during voir dire, that it is difficult to maintain security under those circumstances, and that only one deputy is assigned to each courtroom when a defendant is not in custody. Presley was not in custody at the time of his trial.

There was no abuse of discretion here, when the trial court explained the need to exclude spectators at the voir dire stage of the

---

[3] See OCGA § 16-13-31 (a) (1) (defining cocaine trafficking as knowing possession of twenty-eight grams or more of a cocaine mixture with a purity of ten percent or more); *Pitts v. State*, 260 Ga. App. 553, 556 (2) (b) (580 SE2d 618) (2003) (possession of 54 grams of 85 percent pure cocaine was sufficient to sustain conviction notwithstanding the state's failure to test two of three bags of the drug).

[4] *Edmonds v. State*, 275 Ga. 450, 453 (2) (569 SE2d 530) (2002) (citations and punctuation omitted).

proceedings and when members of the public were invited to return afterward.[5]

3. Presley argues that the trial court erred when it instructed the jury not to open the package containing the recovered cocaine. Specifically, he asserts that the jury should have been free to open the package in order to conduct "its own review of the physical evidence." The jury was not equipped to do anything more than scrutinize the package of cocaine, however, and the trial court did not abuse its discretion when it instructed the jury not to open the package.[6]

4. Presley argues that trial counsel was ineffective when he (a) failed to argue that the state's testing of the cocaine was inadequate and neglected to highlight gaps in the chain of custody of the cocaine; (b) failed to object to hearsay evidence concerning the weight of a package of cocaine unrelated to the charge on which Presley was convicted; and (c) failed to object to the court's instruction not to open the package of cocaine. We disagree with these contentions.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[7] The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[8]

> To show deficient performance, a defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case.[9]

(a) At the hearing on Presley's motion for new trial, trial counsel testified that he did not cross-examine the state's laboratory analyst

---

[5] See *R. W. Page Corp. v. Lumpkin*, 249 Ga. 576, 581 (9) (292 SE2d 815) (1982) (reversing the entire exclusion of the public, including news media, from a criminal proceeding, but affirming the "traditional right and obligation of the trial court to maintain dignity and decorum in the courtroom, as by excluding from the courtroom overflow audiences").

[6] See Goger, Daniel's Georgia Criminal Trial Practice (2006 ed.), § 24-18, p. 1109, n. 1, quoting American Bar Association Standards, Trial by Jury, Vol. III, Standard 15-4.1 (trial court "in its discretion" may allow evidence, including exhibits, to go out with the jury, taking into account "whether the material may be subjected to improper use").

[7] *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] *Suggs*, supra at 88 (footnote omitted).

[9] *Edwards v. State*, 282 Ga. 259, 262 (8) (646 SE2d 663) (2007) (citations omitted).

concerning her testing of only a small portion of the cocaine because an attack on the analyst's methodology would have been "ludicrous" and likely to alienate a jury. Counsel also testified to his judgment that there had been no significant problems with the chain of custody and that additional cross-examination on the issue might have undermined the credibility of Presley's case. We will not second-guess the trial court's conclusion that these tactical decisions concerning the scope of cross-examination were reasonable.[10]

(b) One of the officers testified that police were surveilling the Wendy's restaurant as part of their buy-and-bust "operation . . . for a kilo[gram]" of cocaine. A kilogram of the drug was later recovered at Presley's residence after his arrest. The trial court granted a directed verdict on charges relating to possession of this material, and twice instructed the jury to disregard all evidence related to those charges.

Even assuming that the kilogram found at Presley's residence was not the specific target of the police's investigation at the Wendy's restaurant, the officer's characterization of the surveillance as attempting to buy a "kilo" was based on his own personal knowledge and was not hearsay.[11] Trial counsel was thus not ineffective when he failed to object to this testimony on the ground of hearsay.[12]

(c) Presley has cited no law suggesting that the trial court's instruction not to open the cocaine was erroneous. Thus he has no basis for his assertion that counsel's failure to object to the instruction amounted to ineffective assistance.[13]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2008 —
RECONSIDERATION DENIED MARCH 7, 2008 — 

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[10] See *Cooper v. State*, 281 Ga. 760, 762 (4) (a) (642 SE2d 817) (2007) (the scope of cross-examination is grounded in trial tactics and strategy and will rarely constitute ineffective assistance).

[11] See *Castellon v. State*, 240 Ga. App. 85, 86 (1) (522 SE2d 568) (1999) (testimony of investigating officer concerning the officer's personal knowledge of the investigation is not hearsay).

[12] See *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007) (failure to raise meritless objection cannot constitute ineffective assistance of counsel).

[13] Id.