### A10A1524. CUMMINGS v. THE STATE.

(702 SE2d 691)

MILLER, Chief Judge.

Following a jury trial, Johnny Cummings, Jr., was convicted of aggravated assault (OCGA § 16-5-21 (a)) and possession of a firearm during the commission of a felony (OCGA § 16-11-106). On appeal, he contends that (i) the evidence was insufficient to support the verdict, and (ii) his trial counsel was ineffective. We find that Cummings's claims of error have no merit and affirm.

1. Cummings maintains that the evidence was insufficient to support the verdict. We disagree.

> In reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Footnote omitted.) *Hamilton v. State*, 293 Ga. App. 297 (1) (666 SE2d 630) (2008).

So viewed, the evidence shows the following. Cummings was Anthony Williams's stepfather and lived with Williams's mother in Chatham County. On December 14, 2005, Williams's son walked to his grandmother's house from band practice, and he encountered Cummings.

Cummings was drunk. He complained to Williams's son that "this was his house . . . he paid the taxes," which raised a matter that was in dispute among the family. After Williams arrived to pick up his son, Williams told Cummings that he had no business raising this issue with an 11-year-old child. Cummings responded by informing Williams that "[you] don't know who [you're] messing with."

An argument ensued. After a discussion outside the home of whether Williams or Cummings was the tougher man, Cummings went inside and came back with a shotgun. Cummings raised the weapon in Williams's direction and fired. Williams saw the gun pointed at him, "thought [he] was dead," and fell toward the ground, but he was not struck by the blast.

Police found a spent casing in the front yard and two shotgun shells in Cummings's pocket. Cummings told officers he "fir[ed] the gun at [Williams] in the air" in order to scare him. The police recovered the shotgun after Cummings informed them he wedged it behind some pillow cushions.

Given the foregoing, we find that any rational trier of fact could find beyond a reasonable doubt that Cummings committed aggravated assault by firing the shotgun in the direction of Williams as alleged in the indictment.[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Dukes v. State*, 264 Ga. App. 820, 823-824 (4) (592 SE2d 473) (2003) (evidence sufficient to show that defendant committed aggravated assault by firing gun in the direction of the defendant).

---

[1] Other than by claiming there was no aggravated assault, Cummings does not challenge his conviction for possessing a firearm during the commission of a felony.

2. Cummings claims that he received ineffective assistance of trial counsel. We disagree.

> In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that counsel performed deficiently and that the deficient performance prejudiced the defendant such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

*Coleman v. State*, 286 Ga. 291, 297 (6) (687 SE2d 427) (2009).

(a) Cummings contends that his trial counsel was unprepared and disorganized. Trial counsel objected to the admission of several photographs of the crime scene on the ground that copies of the photographs had not been provided to him by the State, but the trial court concluded the State had furnished the materials to the defense in its discovery packet. Trial counsel also complained during the trial that he had not received copies of two convictions offered by the State to impeach the testimony of a defense witness, but the trial court found nothing improper after the State responded that it had notified defense counsel of the particulars of the convictions in a discovery disclosure.

Cummings does not show that his counsel's alleged deficiencies were reasonably likely to have affected the outcome of the trial. Although it appears likely that defense counsel misplaced several crime scene photographs, he was personally familiar with the crime scene because he visited it several times before trial. Nor did Cummings show that his trial counsel was unaware that the State intended to impeach the defense witness with prior convictions. As the trial court noted in its order denying Cummings's motion for new trial, "[d]efendant has made no showing of what trial counsel could, or should, have done that he did not do." Cummings does not show prejudice arising from his trial counsel's allegedly deficient performance and therefore does not establish ineffective assistance of counsel. See *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004) (defendant's failure to establish prejudice precluded showing of ineffective assistance); *Breazeale v. State*, 290 Ga. App. 632, 633-634 (1) (c) (660 SE2d 376) (2008) (defendant did not demonstrate a reasonable probability that any additional preparation by counsel would have changed the outcome of his case).

(b) Cummings also claims that his trial counsel was ineffective in failing to introduce evidence verifying that he had a shoulder injury. Again, we disagree.

According to the testimony of Cummings's wife at the hearing on motion for new trial, she gave defense counsel copies of Cum-

mings's medical records. Cummings suggests that if trial counsel had introduced medical records proving Cummings's shoulder injury that the jury might have believed he was incapable of pointing the shotgun. The evidence at trial showed that Cummings had injured his shoulder pushing a dolly cart and had surgery several weeks before the alleged shooting. That Cummings had surgery on his shoulder was uncontested, and even Williams testified to this fact. Setting aside the State's argument that Cummings neither established that his trial counsel received the medical records before trial or showed what was contained therein by introducing the records into evidence at the motion hearing, counsel's alleged failure to introduce cumulative evidence of the shoulder injury was not reasonably likely to have changed the outcome of the trial and did not amount to ineffective assistance. See *Wesley v. State*, 286 Ga. 355, 358 (3) (h) (689 SE2d 280) (2010) (failure to introduce cumulative evidence was not ineffective assistance).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 6, 2010.

*Jennifer R. Burns*, for appellant.
*Larry Chisolm, District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.