A07A2440. PRESLEY v. THE STATE.

(706 SE2d 103)

PHIPPS, Presiding Judge.

In *Presley v. State*,[1] this court affirmed Eric Presley's conviction for cocaine trafficking. We held, among other things, that the trial court did not err in excluding spectators from the courtroom during voir dire.[2] The Supreme Court of Georgia reviewed that ruling and affirmed our decision.[3] The Supreme Court of the United States granted a writ of certiorari on the issue and reversed the Supreme Court of Georgia's judgment and remanded the case, declaring that the Sixth Amendment right to a public trial extends to the voir dire of prospective jurors and that the trial court erred in failing to consider alternatives to closing the courtroom even when they were not offered by the parties.[4] The Supreme Court of Georgia then vacated its former judgment, reversed our decision, and remanded the case to this court for proceedings consistent with the opinion of the Supreme Court of the United States.[5]

When the Supreme Court of Georgia reverses one of our opin-

---

[1] 290 Ga. App. 99 (658 SE2d 773) (2008).

[2] Id. at 100-101 (2).

[3] *Presley v. State*, 285 Ga. 270, 273-274 (674 SE2d 909) (2009).

[4] *Presley v. Georgia*, ___ U. S. ___ (130 SC 721, 175 LE2d 675) (2010).

[5] *Presley v. State*, 287 Ga. 234 (695 SE2d 268) (2010).

ions, we are required to: (1) read the Supreme Court of Georgia's opinion within the context of the opinion being reversed; (2) determine whether any portions of the opinion being reversed were neither addressed nor considered by the Supreme Court of Georgia; and (3) enter an appropriate disposition with regard to those portions that is consistent with the issues addressed and considered by the Supreme Court of Georgia.[6]

Only Division 2 of our previous opinion was addressed by the Supreme Court of Georgia. Our opinion as to that division is vacated. Division 1 (regarding the sufficiency of the evidence), Division 3 (regarding the trial court's instruction to the jury not to open an exhibit), and Division 4 (concerning the effectiveness of trial counsel) of our opinion were not addressed by the Supreme Court of Georgia. Our rulings in those divisions are not inconsistent with the Supreme Court of Georgia's decision, so the rulings stand.[7]

Because the trial court erred in excluding spectators from voir dire without considering alternatives to closure, Presley is entitled to a new trial.[8] The judgment of conviction is reversed and the case is remanded to the trial court.

*Judgment reversed and case remanded. Mikell and McFadden, JJ., concur.*

DECIDED FEBRUARY 3, 2011.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[6] *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001).

[7] See id. at 563 (1).

[8] See, e.g., *Waller v. Georgia*, 467 U. S. 39, 49-50 (II) (C) (104 SC 2210, 81 LE2d 31) (1984) (reversing conviction and holding that defendant may be retried where right to public trial was violated); *United States v. Agosto-Vega*, 617 F3d 541, 545-548 (II) (A) (1st Cir. 2010) (citing *Presley v. Georgia*, ___ U. S. ___, supra, and holding that defendant was entitled to a new trial where public was excluded from voir dire). See also *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992) ("[b]ecause the evidence meets the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the case may be retried").