**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 26, 2013**

# In the Court of Appeals of Georgia

A13A1067. LEE v. THE STATE.

MCFADDEN, Judge.

Seung Lee appeals from his conviction of driving under the influence of alcohol (DUI), challenging the trial court's denial of his motion in limine to exclude the results of a state-administered breath test. Because Lee did not withdraw his implied consent to submit to such testing, the trial court did not err in denying the motion.

On June 17, 2011, a police sergeant saw Lee driving his motor vehicle on the wrong side of the road. The sergeant stopped the vehicle, approached Lee, smelled a strong odor of alcohol on his breath, and saw that his eyes were bloodshot and glazed. Another officer was called to the scene, and he too smelled the alcohol on Lee's breath and noticed his bloodshot and glazed eyes. Lee told the officer that he

had drunk one beer and agreed to perform field sobriety evaluations. After failing a horizontal gaze nystagmus evaluation, Lee refused to submit to a field alco-sensor evaluation and asked for a blood test. The officer arrested Lee for DUI, read to him the applicable implied consent notice and requested that he submit to a breath test. Lee, who speaks English as a second language, indicated that he did not understand the notice. The officer transported Lee to the jail, where he instructed Lee on how to provide a proper breath sample. Lee performed the breath test as instructed, the results of which showed a blood-alcohol concentration of 0.118 and 0.125 grams. The officer then asked Lee if he still wanted the blood test, and he replied that he did not want a blood test and would accept the results of the breath test.

Lee was charged by accusation with DUI and driving on the wrong side of the road. He filed a motion in limine to exclude the results of the breath test, which the trial court denied. Lee subsequently agreed to a stipulated bench trial, after which he was convicted of DUI to the extent he was a less safe driver and driving on the wrong side of the road. This appeal followed.

1. *Implied consent.*

The implied consent statute, OCGA § 40-5-55 (a), provides that any person who operates a motor vehicle in this state and is arrested for DUI is deemed to have

2

given consent to chemical tests of his bodily substances to determine the presence of alcohol or drugs. That consent may be withdrawn. OCGA § 40-5-67.1 (b) requires arresting officers to read the appropriate informed consent notice to the arrested person, informing him, among other things, that he has a right to independent tests after submitting to state testing and that his refusal to submit to state testing may be offered into evidence against him at trial. We have construed § 40-5-67.1 (b) to authorize arrested persons to withdraw their implied consent by refusing to submit to testing. *State v. Stewart*, 286 Ga. App. 542, 544 (1) (649 SE2d 525) (2007); *Hernandez v. State*, 238 Ga. App. 796, 798 (2) (520 SE2d 698) (1999).

Inability to consent, however, is not withdrawal of consent. "OCGA § 40-5-55 (b) provides that any person who is 'dead, unconscious, or otherwise in a condition rendering such person incapable of refusal' to submit to testing shall be deemed *not* to have withdrawn his implied consent, thereby allowing the test or tests to be administered." *Hernandez*, supra (emphasis supplied).

In this case, Lee contends that the trial court has misapplied "OCGA § 40-5-55 (b). It is settled law that "a non-English-speaking driver is *not* "in a condition rendering such person incapable of refusal" for the purposes of OCGA § 40-5-55(b)."*Furcal-Peguero v. State*, 255 Ga. App. 729, 733, n. 7, 566 S.E.2d 320,

3

325 (2002) (emphasis in the original). Lee contends that the trial court disregarded that settled law and admitted the breath test results solely on the basis of an erroneous finding that, pursuant to OCGA § 40-5-55 (b), Lee's inability to understand the implied consent notice due to a language barrier rendered him incapable of refusal to take the test. But there is nothing in the trial court's order denying the motion in limine to indicate that the court based its ruling on such a misapplication of OCGA § 40-5-55 (b).

Rather, the order indicates that the court based its ruling on "applicable and controlling law." While the order does not contain citations of legal authority, the trial court cited to the applicable and controlling law at the motions hearing. The trial court pointed out to the parties, and invited them to submit briefs on, a line of cases holding that the arresting officer is not required to ensure that the driver understands the implied consent notice. Those cases hold that

> drivers are entitled only to be advised of their rights under the implied consent law, that is, to have the implied consent notice read to them. The law does not require the arresting officer to ensure that the driver understands the implied consent notice. . . . *Furcal-Peguero*[ *v. State,* 255 Ga. App. 729,] 732-733 [(566 SE2d 320) (2002)]. See also [*State v.*] *Webb*, [212 Ga. App. 872,] 873 [(443 SE2d 630) (1994)] ("In all cases the court is required to find only that the implied consent law was conveyed to the driver. The

4

State is under no duty to prove that the driver fully understood his rights under that law.") . . . ; *Rodriguez v. State*, 275 Ga. 283, 285-286 (2) (565 SE2d 458) (2002) (no requirement that the implied consent notice be read in any language other than English, even where the driver speaks no English). The rationale underlying this rule is obvious: to hold otherwise, and allow an intoxicated driver's professed inability to understand the implied consent warning to vitiate either the implied consent or the revocation of it, would so undermine OCGA § 40-5-55 (a) as to render it meaningless. Indeed, such a holding would actually benefit most those drivers who pose the greatest threat on the road - i.e., those who are so impaired that, even though conscious, are unable to comprehend their circumstances.

*State v. Stewart*, supra at 545 (2) (punctuation and emphasis omitted). As the Georgia Supreme court has held, "[i]mplied consent warnings . . . are a matter of legislative grace, and due process does not require that the warnings be given in a language that the driver understands." *Rodriguez*, supra at 287-288 (3) (citations omitted). Moreover, we note that in so holding, that line of cases has expressly affirmed that "a non-English speaking driver is not 'in a condition rendering such person incapable of refusal' for purposes of OCGA § 40-5-55 (b)." *Furcal-Peguero*, supra at 733, n. 7.

The trial court's decision is sustainable under that controlling line of authority. Absent any showing to the contrary, we presume that the trial court based its ruling

on the controlling authority and not on an erroneous legal theory. See generally *Davis v. Bushnell*, 245 Ga. App. 221, 223 (537 SE2d 477) (2000) (in the absence of a contrary showing, the trial court is presumed to have followed the law). Under that authority, "[t]he result[s] of the [s]tate-administered test[s were] admissible in this case because [Lee] consented to [the] tests by driving on Georgia's roads, because the officer properly advised [him] of his implied consent rights, and because [Lee] did not withdraw his consent. [Cits.] The trial court [therefore] did not err in admitting the result[s] of the [s]tate-administered breath test." *Furcal-Peguero*, supra at 733.

2. *Equal protection claim.*

Lee further argues that requiring a DUI suspect who speaks limited English to affirmatively withdraw his implied consent to the state-administered breath test violates his constitutional right to equal protection. "Because [Lee] failed to raise this or any other constitutional objection at trial, he has waived all such objections on appeal." *Breazeale v. State*, 290 Ga. App. 632, 637 (10) (660 SE2d 376) (2008) (citation and punctuation omitted).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*

6